NICK BILLO, *Plaintiff in Error*, VS. DR. P. PHILLIPS COMPANY, a corporation, *Defendant in Error*.

135 So. 810.

Division A.

Opinion filed July 7, 1931.

*G. P. Garrett,* for Plaintiff in Error;

*Akerman & Akerman,* for Defendant in Error.

BUFORD, C.J.—In this case plaintiff in error obtained a judgment against Dr. P. Phillips Company, a corporation, defendant in error in the Circuit Court of Orange County, Florida, and thereafter, one Gray filed an affidavit in garnishment in the County Court of Orange County and writ of garnishment issued.

The writ recites:

"Whereas, F. D. Gray has this day made oath before me, in a suit wherein F. D. Gray, plaintiff, and Nick Billo, defendant, that he believes he will recover judgment in said suit in the sum of Four Hundred and Sixty-five dollars, and that the debt for which the plaintiff sues is just, due and unpaid, that the said garnishment applied for is not sued out to injure either the defendant or the garnishee, and that he does not believe that said defendant will have visible property sufficient in said State and County to satisfy such judgment if obtained; and plaintiff suggesting that Eugene Carpenter and Dr. P. Phillips Co., a corporation, have goods, effects or moneys in their possession or control belonging to the defendant;"

The garnishment was served on Dr. P. Phillips Co., a corporation, and thereupon Dr. P. Phillips Co. filed a motion in the Circuit Court alleging in effect that judgment was recovered by Billo against Dr. P. Phillips Co., a corporation, on the 3rd day of May, 1929, in the sum of $1500.00 and that subsequent to the recovery of the judgment that the defendant Dr. P. Phillips Co. was, on May 6th, 1929 served with writ of garnishment issuing out of the County Court in and for Orange County, Florida, a copy of the writ being attached to the petition and made a part thereof. It is alleged in the petition that the County Court of Orange County is a court of competent jurisdiction in garnishment proceedings; that the judgment had not been paid and that the petitioner was indebted to Billo in the amount of the judg-

ment; that petitioner would be required to answer in the County Judge's Court that he was indebted to Billo in the sum of $1500.00 under the terms of the judgment; and alleged further that unless the court should stay the execution of the judgment that the petitioner would be harassed and embarrassed by execution being issued upon the judgment and would be subject to double liability in event petitioner should be required to answer to the plaintiff in garnishment and also to the defendant in garnishment, Billo.

The prayer was as follows:

"WHEREFORE, the premises considered this defendant moves the court to enter an order herein staying execution on said judgment and all proceedings whatsoever upon said judgment or execution, said stay to abide the results of the garnishment proceedings aforesaid, upon such terms and conditions as the Court may impose."

The Court entered an order after stating the substance of the facts above set forth, which order was as follows:

"WHEREUPON, IT IS CONSIDERED, ORDERED AND ADJUDGED that the execution in said cause be temporarily stayed until 4 P. M., May 8th, A. D. 1929, and in the meantime, if the defendant, Dr. P. Phillips Company, its Agents or Attorneys, shall pay into the registry of this Court the sum of Five Hundred Dollars ($500.00), to abide the final disposition of said garnishment proceedings, or until the further order of this Court, and the balance of said judgment, to-wit, One Thousand Dollars ($1,000.00) plus the costs of said suit, to the Plaintiff, Nick Billo, or his Attorney of Record, then in that event such payments shall automatically operate as a further stay of said execution and the same shall be thereby stayed and suspended until the final termination of said garnishment suit, and at which time said Five Hundred Dollars ($500.00), shall be disbursed by order of the Court to the party entitled thereto.

DONE AND ORDERED at Chambers in Orlando in the Seventeenth Judicial Circuit of the State of Florida on the 7th day of May, A. D. 1929."

Writ of error was sued out from this court and it is here attempted to have this Court review the Order last above quoted. Section 2901 R. G. S., 4606 C. G. L., provides:

"FINAL JUDGMENT.—Writs of error shall lie only from final judgments, except as specified in section 4615." Section 2905 R. G. S., 4615, C. G. L., provides:

"WRITS OF ERROR FROM ORDERS GRANTING NEW TRIALS.—Upon the entry of an order granting a new trial at law, the party aggrieved by such order may, without waiting for a final judgment in the cause, prosecute a writ of error to the proper appellate court, which shall review the said order, and if the cause be reversed, shall direct final judgment to be entered in the court below for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment non obstante veredicto, shall be made and prevail."

The order here presented is not a final judgment. Neither is it an order granting a new trial. It is merely an order controlling and supervising the process of the court which had been issued upon a final judgment in that court. The order by its very terms contemplates further orders to be made in the future in regard to the subject matter thereof.

There is no authority for appellate review by writ of error of an order in a law action which constitutes neither a final judgment nor an order granting a new trial. Therefore, the writ of error should be dismissed. Melbourne State Bank vs. Elsie F. Gillette, et al, filed at this term of the Court. It is so ordered.

Dismissed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.