DR. P. PHILLIPS COMPANY, a Florida Corporation, *Appellant,* v. NICK BILLO, *Appellee.*

147 So. 579

Opinion filed April 5, 1933

*Akerman & Gray,* for Appellant;

*George P. Garrett,* for Appellee.

DAVIS, C. J.—This is an appeal from a final decree in equity by which the Court dismissed appellant's bill of complaint brought for the purpose of having a decree entered declaring a judgment at law to have been paid and satisfied in full, and cancelled of record, by reason of the special circumstances alleged in the bill.

The substantial facts upon which the bill was predicated are as follows: That on May 3, 1929, Nick Bilbo, the defendant named in the bill, had recovered in the Circuit Court a judgment at law against Dr. P. Phillips Company, a corporation, the complainant, in the principal sum of $1,500.00; that on May 7, 1929, execution had issued on said judgment; that on May 6, 1929, the day before the execution was issued, one F. D. Gray had entered suit in the County Court against Billo and had attempted to garnish the judgment claim in Billo's favor, to the extent of $500.00 of the $1500 due; that thereupon Dr. P. Phillips Company, the judgment debtor, fearing that it might be subjected to double liability in the premises, that is to say, to Billo, the judgment creditor on the one hand, and to Gray, the garnishor on the other, filed its motion in the Circuit Court praying for an order staying the execution of the Circuit Court judgment so as to prevent embarrassment to Dr. P. Phillips Company, as the judgment debtor, because of the pendency of an execution and a garnishment against it at the same time relative to the same amount of money due on the $1500.00 judgment to Billo; that pursuant to said motion that the Circuit Court, having jurisdiction of the execution which had been issued on May 7, 1929, as aforesaid, thereupon, after due hearing of the motion to stay such execution, made

and entered, with reference to staying said execution, an order of court reading as follows:

. " 'This cause coming on this day to be heard on motion of the defendant for an order staying execution on the judgment in the principal sum of $1,500.00 rendered in the above entitled cause on May 3, 1929, on the ground that a writ of garnishment had been served on the defendant in the case of F. D. Gray v. Nick Billo, the same being a cause pending in the County Court of Orange County, Florida, and after argument of counsel and due consideration of the Court, the Court is of the opinion that said motion should be and the same is hereby granted.

"It Is, Thereupon Considered, Ordered and Adjudged that the execution in said cause be temporarily stayed until 4 p. m. on May 8, A. D. 1929, and in the meantime, if the defendant, Dr. P. Phillips Company, or its agents or attorneys, shall pay into the registry of this Court the sum of $500.00 to abide the final disposition of said garnishment proceedings 'or until the further order of this Court, and the balance of said judgment, to-wit: $1000, plus the costs of said suit, to the plaintiff, Nick Billo, or his attorney of record, then and in that event such payment shall automatically operate as a further stay of said execution and the same shall be hereby stayed and suspended until the final termination of said garnishment suit, at which time the said $500.00 shall be disbursed by order of the Court to the party entitled thereto.

Done and Ordered at Chambers in Orlando, in the Seventeenth Judicial Circuit of the State of Florida on the 7th day of May, A. D. 1929.

"Frank A. Smith
"Judge of said Court."

that judgment creditor Billo, being dissatisfied with the

order just mentioned, thereafter sued out a writ of error therefrom to the Supreme Court of Florida, which Supreme Court on August 12, 1931, dismissed said writ of error;* that thereafter final judgment was entered by the County Court against the fund of $500.00 deposited in the registry of the Circuit Court to abide the result of said garnishment suit; that on June 19, 1931, subsequent to said County Court judgment, the claimant, F. D. Gray, petitioned the Circuit Court for an order of disbursement of the fund in the registry of the Court, in response to which petition the judgment creditor, Nick Billo, had appeared by counsel, interposed objections and been fully heard in opposition to the granting of the prayer of the petition; that thereafter, upon due consideration, the Circuit Court had entered its order directing its Clerk to pay over to said F. D. Gray, or his attorney of record, said sum of $500.00 deposited in the registry of the Court, that said order as entered by the Circuit Court was as follows:

"This cause coming on to be heard upon due notice on motion of plaintiff for disbursement of funds and petition of Frank D. Gray for disbursement of funds now in the registry of the Court and objections to the petition of said Frank D. Gray and after argument of counsel and the Court being fully advised of the premises, it is

"HEREBY CONSIDERED, ORDERED AND ADJUDGED that the motion of plaintiff be and the same is hereby denied.

"It is further ORDERED AND ADJUDGED that the objections·

---

*See Billo v. Dr. P. Phillips Co., 102 Fla. 364, 135 Sou. Rep. 810, for opinion on dismissal of writ of error. Compare Melbourne State Bank v. Gillette, 101 Fla. 235, 134 Sou. Rep 46. See also Melbourne State Bank v. Wright, Circuit Judge (Fla.) 145 Sou. Rep. 598; Nelson v. Indian Beach, Inc., decided at the present term.

to the petition of Frank D. Gray be and are hereby over-ruled.

"And it is further ordered and adjudged that the petition of Frank D. Gray should be, and is, hereby granted, and B. M. Robinson, Clerk of this Court, is hereby ordered and directed to pay to the said Frank D. Gray or his attorney, Claude L. Gray, the sum of $500.00, now deposited in the registry of this Court less the commission due said Clerk, immediately upon presentation of this order. Plaintiff is herein allowed exception to the several rulings of the Court.

"DONE AND ORDERED at Orlando, Florida, this 16th day of October A. D. 1931."

that pursuant to this aforesaid order the sum of $500.00 which had been deposited in the registry of the Court, had been duly paid over as directed, and that accordingly the judgment recovered by Nick Billo against Dr. P. Phillips Company, had been fully satisfied by such payment taken in connection with payment of the remainder of the judgment for $1500.00 to Billo himself.

Under our statutes a court, before which an execution is returnable may, on a motion and notice to the adverse party, for good cause, upon such terms as the court may impose, direct a stay of the same *and the suspension of proceedings thereon.* Section 4516 C. G. L., 2829 R. G. S. In the City of Coral Gables v. Hepkins, 107 Fla. 778, 144 Sou. Rep. 385, we construed our statute as one authorizing stays of execution (1) as a means of postponement of the same for good cause, and (2) also as a means for permanently staying and arresting an execution when it should not be executed at all. because of good and sufficient reasons warranting a perpetual stay of same.

The holding in this Court in its previous decision in Billo v. Dr. P. Phillips Co., (Fla.), 135 Sou. Rep. 810, was not

that the Circuit Court was without jurisdiction to make such an order staying execution as the writ of error sued out in that case was taken to review, but that the Supreme Court had no jurisdiction to review on writ of error, a mere interlocutory order temporarily staying an execution to await further proceedings contemplated with respect thereto leading up to a permanent order of some kind finally disposing of the petition for stay. In City of Coral Gables v. Hepkins (Fla.), 144 Sou. Rep. 385, this Court entertained jurisdiction and decided that case on writ of error sued out to review a *final order* that had been entered under Section 4516 C. G. L., *supra,* denying a perpetual stay of execution against certain property alleged not to be subject thereto. So a comparison of the *ratio decidendi* of the two decisions will show that while a merely interlocutory stay order of a temporary character made under the statute authorizing stays of execution is not, because it is not final in character, reviewable on writ of error, that nevertheless a *final order* under the statute either granting or denying a suspension of all proceedings on execution is reviewable on writ of error.

It appeared from the bill of complaint in this case that the judgment debtor, Dr. P. Phillips Company, pursuant to an order of the court entered on a stay of execution proceeding filed under Section 4516 C. G. L., 2829 R. G. S., paid a portion of the judgment debt over to the judgment creditor and the balance, namely, $500.00, into the registry of the Court to abide the Court's final disposition of same— pursuant to a disbursement order later to be entered.

Section 4516 C. G. L., *supra,* expressly authorizes the Circuit Court before which the execution was returnable, on motion and notice to the adverse party (the plaintiff in execution) to stay, or permanently suspend all proceedings on the execution "upon such terms as the Court may impose."

The "terms imposed" by the Court in this case were that Dr. P. Phillips Company, the defendant in execution, pay $1000.00 of the amount of the execution to the execution plaintiff and the remainder of $500.00 into the registry of the Court to abide its further order of disbursement. All this was done after timely notice and full hearing accorded to all the parties in interest.

Thereafter, still acting only after due notice and full hearing accorded to all interested parties, the Court made its *final order,* i. e. entered its final judgment, to the effect that the money in the registry of the Court should be paid to Gray, the putative garnishor of same, to be credited as a payment of the balance due on the judgment and execution against Dr. P. Phillips Company in favor of Billo. If any objection properly made to such an order of disbursement was erroneously overruled by the Circuit Judge at the hearing on the motion to disburse and for permanent suspension of proceedings on execution, such objection could have been urged as ground for reversal of such final order upon writ of error prosecuted thereto. But no writ of error was sued out and the controversy became *res adjudicata* as to any collateral proceedings involved the same subject matter.

An order definitely and finally disposing of a motion for stay of, or suspension of proceedings on, execution, pursuant to Section 4516 C. G. L., 2829 R. G. S., is a final judgment to which a writ of error will lie. City of Coral Gables v. Hepkins, *supra.* See also City of Coral Gables v. Hepkins (Fla.), 143 So. Rep. 297, where this was recognized by the granting of a constitutional writ under Section 5 of Article V of the Constitution in aid of a pending writ of error sued out in that case. And being a final judgment such final order is *res adjudicata as to such terms as the court may have imposed* under authority of the statute as an incident

to a final stay or perpetual suspension of proceedings on an execution with reference to which a motion has been filed: and heard pursuant to Section 4516 C. G. L., 2829 R. G. S., *supra*.

The necessary effect of the final judgment of the Circuit Court entered on October 15, 1931, was to satisfy the execution and suspend all proceedings thereon, upon the disbursement of the moneys in the registry of the Circuit Court to a party in interest who appeared and was heard in that proceeding. The fact that the order of disbursement may have been erroneously entered, or improvidently made, is no ground upon which it can be collaterally attacked by either a bill or an answer filed in equity suit questioning its propriety.

Even fraud of a party committed in the procurement of judgment otherwise valid and proper, is no ground upon which a *collateral* attack on it can be sustained, either at law or in equity. Graves v. Graves, 132 Iowa 199, 109 N. W. 707, 10 Ann. Cas. 1104, 10 L. R. A. (N. S.) 215; Malone v. Meres, 91 Fla. 709, 109 Sou. Rep. 677; Fiehe v. Householder Co., 98 Fla. 627, 125 Sou. Rep. 2; Fidelity & Deposit Co. v. Hogan, 102 Fla. 196, 135 Sou. Rep. 825. Fraud in the matter on which a judgment law was rendered is no ground for equitable relief. 15 R. C. L. par 215, page 762. In this connection, the distinction between a suit for equitable relief against the enforcement of a judgment on the ground of fraud, and a *collateral* attack on the judgment itself on the ground of fraud, must be constantly borne in mind.

It is the general rule that a judgment cannot be impeached for fraud by a party or privy to it, unless the fraud alleged affects the jurisdiction of the Court or appears on the face of the judgment roll itself. The exception as to fraud affect-

ing the jurisdiction of the Court is more apparent than real, since an attack on a judgment on the ground of fraud in its procurement constitutes a direct attack. 15 R. C. L. par. 329, page 855.

The effect of the Circuit Court's two orders made in the stay of execution proceedings construed together, was to suspend all proceedings on the execution upon the term and condition that the full amount of the execution be paid—$1000.00 to plaintiff in execution and $500.00 into the registry of the court to be disbursed as the Court might order. Compliance with such orders by making the *payment as ordered,* satisfied the execution and required its perpetual stay, regardless of the subsequent disbursement order made incident thereto. A necessary corollary to the satisfaction of an execution is that the judgment upon which it issued must also be satisfied, which satisfaction if not made to appear of record, may be adjudicated by a bill in equity maintained for that purpose as in the instant case.

There was equity in the bill and replication in the present case which nothing in the answer alleged or made to appear, was sufficient to meet and overcome. This is so regardless of the correctness of the court's holding dismissing the bill on the theory that the money due on the judgment involved was not lawfully subject to Gray's garnishment, and regardless of the validity of such garnishment *per se.*

The order requiring payment of the execution as a "term" of the stay order, operated to satisfy the execution when and after complied with. That order though interlocutory at its inception was in effect made final by the terms of the order of disbursement which, when it finally disposed of the case, then subjected the final order to review on writ of error, if deemed erroneously entered. A writ of error might

have operated to stay the disbursement had supersedeas been applied for, but no such writ of error was taken.

It follows that the decree appealed from must be reversed with directions to enter such decree as will not be inconsistent with this opinion.

Reversed and remanded with directions.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.