MERCANTILE INVESTMENT & HOLDING CO. v.
C. R. GILLILAND.

197 So. 538
Division B
Opinion Filed August 2, 1940

*Evans, Mershon & Sawyer, Herbert S. Sawyer, Arthur S. Friedman* and *Atwood Dunwody,* for Plaintiff in Error;

*McCune, Hiaasen & Fleming,* for Defendant in Error.

PER CURIAM.—The record in this case discloses that on June 2, 1939, a final judgment was entered in the Circuit Court of Broward County, Florida, in favor of the defendant in error against the plaintiff in error in the sum of. $50,000.00 and costs. The parties will be referred to hereinafter as plaintiff and defendant as they appeared in the court below.

On November 20, 1939, a writ of execution issued on the

aforesaid judgment, as well as a writ of garnishment against Hollywood, Inc., a Florida corporation, garnishee. The Hollywood, Inc., garnishee, answered the writ of garnishment and acknowledged an indebtedness to the defendant in the sum of $249,928.60, which was not due, but the payment thereof was contingent upon the garnishee's selling real estate at a price prescribed and obtaining a net profit, and if these anticipated sales and profits could be made and consummated, the garnishee would be obligated to pay the named sums. The writ of execution on said judgment and the return thereon were not filed in the office of the Clerk of the Circuit Court of Broward County, Florida.

On November 25, 1939, the lower court issued on the aforesaid judgment a *special* writ of execution directing a levy upon the goods, chattels and effects of the defendant in the possession and control of Hollywood, Inc., garnishee, as disclosed by its aforesaid answer.

On December 16, 1939, the defendant moved the court for an order staying the writ of execution upon equitable grounds, and on the 22nd day of December, 1939, the lower court entered an order overruling and denying the motion for a stay of execution, but suspended all proceedings under the special writ of execution until January 22, 1940.

The Sheriff of Broward County advertised for sale on the rule day in July, 1940, the unmatured contingent indebtedness described in the answer of Hollywood, Inc., garnishee. The defendant, under the provisions of Section 4516 C. G. L., moved the court for a stay of the special writ of execution dated November 25, 1939, and to suspend all proceedings thereunder, and on June 14, 1940, an order was entered by the lower court overruling and denying said motion. From the second order denying a stay of the special writ of execution a writ of error was sued out, and

on appeal perfected therefrom and the cause is here for review.

On the very threshold of this case we are confronted with the contention that the order dated June 14, 1940, denying a stay of execution for the second time, and to review the same, a writ of error was obtained, presents the question of *res adjudicata,* or former adjudication, upon the theory that a similar motion to stay execution was denied by the lower court in said cause on December 22, 1939. We have carefully studied the grounds of the motion filed December 16, 1939, pursuant to Section 4516 C. G. L., as well as the grounds of the second motion filed in the lower court on June 14, 1940.

While the latter motion presents additional grounds to the motion filed December 16, 1939, the two motions were presented under Section 4516, C. G. L. We think the order entered by the lower court dated June 24, 1940, to which writ of error was taken, was fully adjudicated in the order dated December 22, 1939, and the same is *res adjudicata,* and the case at bar is ruled by Dr. P. Phillips Co. v. Billo, 109 Fla. 316, 147 So. 579.

We do not think it necessary to pass upon or determine the other questions involved. The order appealed from is hereby affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., dissents.

CHAPMAN, J. (dissenting).—This case is before the Court on writ of error authorized by Section 4516 C. G. L. See South Florida Lumber & Supply Co. v. Read, 65 Fla. 61, 61 So. 125. The parties will be referred to hereinafter as plaintiff and defendant as they appeared in the lower court. The record shows that the plaintiff obtained a judgment

against the defendant in the Circuit Court of Broward County, Florida, for the sum of $50,000.00, and a writ of execution issued thereon and the same is now outstanding and is in the hands of the sheriff of said county and a return thereon by the sheriff has not been made.

A writ of garnishment issued on the aforesaid judgment and was served on Hollywood, Inc., and an answer made by the aforesaid garnishee admitted a contingent indebtedness to the defendant. The contingency referred to in the answer was based on the possible sale of described real estate for a price named or stated in the contract existing between the garnishee and defendant and is fully set out in the answer of the garnishee. The legal sufficiency of the answer as made by the garnishee was not questioned nor the facts set up therein disputed.

While the writ of execution was outstanding and in the hands of the sheriff, the plaintiff applied to the court and obtained what is referred to by counsel as a *special* writ of execution based on the judgment, *supra,* and the property set out and described in the answer of the garnishee was levied upon thereunder and the same is being advertised for sale by the Sheriff of Broward County. The defendant, under the provisions of Section 4516 C. G. L., moved the lower court for a stay of the *special* writ of execution and the same was by the lower court denied. The second motion for a stay order was made and by the lower court denied and from this order a writ of error was taken and an appeal perfected to this Court.

One of the first contentions made is that the order denying a stay order of the *special* writ of execution is a mere *brutum fulmen* and void *ab initio* because the lower court was without authority to issue a *special* writ of execution at a time when the original writ of execution previously

issued on the aforesaid judgment was outstanding and then in the hands of the Sheriff of Broward County, Florida. Counsel for plaintiff contend that the *special* writ of execution is legally sufficient to sustain a levy and sale thereunder of the "intangibles" described in the answer of the garnishee and the lower court's ruling is sustained by Section 5293 and 5294 C. G. L., and authorities cited in their brief.

Section 4506, Compiled General Statutes, provides that writs of *fieri facias* upon judgments shall issue upon the request of the plaintiff or his agent or attorney. Section 4509 provides for a levy and sale under execution on property, viz.: "Lands and tenements, goods and chattels, equities of redemption in real and personal property and stock in corporations." It appears that the property levied upon and now being offered for sale under the special writ of execution could be levied upon and sold on the writ of execution referred to in Section 4509.

It is asserted that Sections 5293 and 5294, Compiled General Laws, authorizes the issuance of a special writ of execution. The record fails to show a substantial compliance with either of these sections and the special writ of execution so issued was erroneous and unauthorized and a mere *brutem fulmen.* See Watkins, *et al.,* v. Johnson, 139 Fla. 712, 191 So. 2; Kroier v. Kroier, 95 Fla. 865, 116 So. 753.

The order appealed from, in my opinion, should be reversed.