STATE OF OHIO *ex rel.* SAMUEL H. SQUIRE, Superintendent of Banks of the State of Ohio, in Charge of the Liquidation of the First-Central Trust Co., of Akron, Ohio, v. NANNIE L. COMSTOCK and her Husband, F. A. COMSTOCK.

1 So. (2nd) 564
En Banc
Opinion Filed April 15, 1941
Rehearing Denied May 2, 1941

*J. A. Scarlett,* for Plaintiff in Error;

*Hull, Landis & Whitehair,* for Defendants in Error.

PER CURIAM.—This writ of error is to review an order in the court below which reads as follows: "It is therefore, CONSIDERED, ORDERED AND ADJUDGED That the defendants' supplemental motion for an order dismissing this cause be and the same is hereby granted, and that this cause be and the same is hereby dismissed, at the cost of the plaintiff."

This order does not constitute a final judgment. The entry of the order does not make a final disposition of the case but is no more than an order upon which a formal final judgment that the plaintiff take nothing by his declaration and that the defendant recover his costs might be entered. Until there is an entry of a final judgment terminating the case, a writ of error will not lie to this court. Gates v. Haynor, 22 Fla. 325; Melbourne State Bank v. Gillette, 101 Fla. 235, 134 So. 46; Billo v. Phillips Co., 102 Fla. 364, 135 So. 810; Sections 4606, 4615, C. G. L. 1927.

This case is to be differentiated from the case of Cook v. Cook, 18 Fla. 634, because in that case the defendant had not been brought into court by service of summons or otherwise and therefore was not entitled to any judgment in his favor and the order of dismissal did not affect the right of plaintiff to sue over, while in the instant case the defendants were before the court with the right to have an adjudication which, if correct, would dispose of the case. So a final judgment was necessary to the disposition of this case. In the present state of the record the plaintiff may sue over and there is no judgment to preclude his recovery.

As the order above quoted to which writ of error was taken is not a final judgment, nor an order granting a new trial, there is no authority for review by writ of error. Therefore, the writ of error herein is hereby dismissed. Bagdad Land & Lumber Co. v. Boyette, 103 Fla. 898, 138 So. 383; McKinnon v. Lewis, 72 Fla. 25, 72 So. 370.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN and ADAMS, J. J., concur.