78 So.2d 100 (1955)
INVERNESS COCA-COLA BOTTLING COMPANY, a corporation, Appellant,
v.
Lottie McDANIEL, Appellee.
Supreme Court of Florida. En Banc.
January 21, 1955.
Rehearing Denied March 10, 1955.
*101 Shackleford, Farrior, Shannon & Stallings, Tampa, for appellant.
Robert L. Pursifull, Tampa, for appellee.
HOBSON, Justice.
Appellee, Lottie McDaniel, sued the Inverness Coca-Cola Bottling Company (hereinafter "Inverness") and the Tampa Coca-Cola Bottling Company ("Tampa") in the Hillsborough County Circuit Court. Both defendants are Florida corporations. Tampa does business in Hillsborough County, and Inverness does business in Citrus and Hernando Counties. Each defendant has its principal place of business in the city after which it is named, and it was so alleged in the complaint.
The complaint, which was filed on February 26, 1953, further alleged that the plaintiff, through the negligence of the defendants and by reason of their breach of warranty of fitness, had been injured internally by broken glass which she had swallowed from a bottle of Coca-Cola purchased from Milton's City Market in Brooksville, Florida. By summary judgment, the case was dismissed as to Tampa before trial. The case against Inverness was tried before a jury, and resulted in a verdict for the plaintiff in the amount of $1,000, upon which the judgment appealed from was entered.
The sole contention made here by appellant Inverness is that the trial court erred in deciding the question of venue adversely to Inverness under the facts of this case. Because of the view we take, it will be necessary to review the relevant points of the pleadings filed by the plaintiff and by Inverness.
The complaint set up, inter alia, the existence of an agency relationship between the two defendants, alleging that Tampa "constituted and appointed" Inverness its "agent for bottling and delivering said drink to the public for consumption by agency agreement of the granting of an exclusive franchise" and by allowing Inverness "to hold itself out as a representative of" Tampa and "to prepare, bottle, and deliver said coca cola as aforesaid" and that Tampa, "acting by, through and with their agent as aforesaid * * * Inverness" negligently delivered the offending bottle to the market where the plaintiff purchased it. The foregoing quotations are suggestive, but not exhaustive, of the allegations of agency which appear throughout the complaint, and which, while they were not artfully drawn, were sufficient by modern pleading standards. See Pacific Mutual Life Ins. Co. of California v. Barton, 5 Cir., 50 F.2d 362, and Rule 10(a) of the 1950 Florida Common Law Rules, 30 F.S.A.
On March 17, 1953 Inverness filed a motion to dismiss the complaint upon two grounds: (1) insufficiency, and (2)
"That the Complaint on its face shows that the Tampa Coca Cola Bottling Company, a Florida corporation, is improperly joined as a party defendant and that when the Tampa Coca Cola Bottling Company is dismissed as a party defendant, this Complaint against the Inverness Coca Cola Bottling Company shows on its face that Hillsborough County, Florida is not the proper venue but that the Complaint should be filed in Citrus County."
This motion was denied on April 16, 1953, and Inverness was given twenty days to *102 plead to the complaint. It will be noted that this second, or venue, ground of the Inverness motion was predicated wholly upon improper joinder of Tampa. This could have meant only that agency was insufficiently alleged, which was properly held not to have been the case. There was no error in denying the motion. F.S. § 46.02, F.S.A., provides:
"Suits against two or more defendants residing in different counties (or justices' districts) may be brought in any county or district in which any defendant resides."
This section places a qualification upon F.S. § 46.04, F.S.A., which gives a domestic corporation the privilege of being sued "only in the county (or justice's district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located * * *." L.B. McLeod Const. Co. v. State, 106 Fla. 805, 143 So. 594. In the McLeod case we said that under the statutes quoted, "where two corporations are otherwise properly joined as defendants in an action, the action can be maintained against both corporate defendants in a county in which one of the defendants, if a domestic corporation, `shall have or usually keep an office for the transaction of its customary business'". 143 So. 594, 596. For aught that appeared from the pleadings in this case, the two corporate defendants were "otherwise properly joined", and the trial court's ruling was correct upon this ground. Moreover, even if the fact that the two corporate defendants were not properly joined had been ascertainable from the face of the complaint, the motion of Inverness to dismiss for improper venue should still have been denied. The complaint affirmatively showed that the Inverness Coca Cola Bottling Company was a domestic corporation "having its principal place of business in Inverness, Citrus County, Florida." But this allegation does not show that venue in Hillsborough County would necessarily be improper as to defendant Inverness, even if Inverness were the only defendant in the case, because it does not negative the possibility that Inverness has "an office for the transaction of its customary business" in Hillsborough County, F.S. § 46.04, F.S.A., supra, regardless of the location of its principal place of business, and if such were the fact, venue in Hillsborough County would have been proper as to Inverness. By the plain terms of the statute, venue does not depend upon the location of the principal place of business, but can rest upon the location of a branch office. Central Life Ins. Co. v. Afro-American Life Ins. Co., Fla., 61 So.2d 653.
In the Central Life case, plaintiff had pleaded a fact showing proper venue, and defendant had admitted it. But this was a mere gratuity on the plaintiff's part. It is of the very nature of venue that the plaintiff selects it initially, but need not plead or prove that his selection has been proper, and the burden of pleading and proving that the venue is improper, if such is the fact, is upon the defendant. The defendant's "plea of privilege" under the former practice has now become a motion to dismiss for improper venue, which may be either made separately or incorporated in a responsive pleading, Rule 13(b), 1950 Florida Common Law Rules, as amended; Rule 1.11(b), 1954 Florida Rules of Civil Procedure, F.S.A., but it remains now, as formerly, a matter of defense. We repeat the elementary admonition that venue is not to be confused with jurisdiction which may be questioned at any time and cannot be waived or conferred, Tamiami Trail Tours v. Wooten, Fla., 47 So.2d 743. A venue objection may be waived, and if not timely or sufficiently asserted it is the defendant who must bear the consequences.
Its motion to dismiss for improper venue appearing on the face of the complaint having been denied by the court, and two valid grounds existing for this action, as we have seen, Inverness, on May 11, 1953 filed its answer to the complaint. The Third Defense of this answer read as follows:

*103 "The Inverness Coca Cola Bottling Company, a Florida corporation, has its principal place of business in Inverness, Citrus County, Florida, and this suit, as pointed out in the Motion to Dismiss, is brought in an improper venue and the said Inverness Coca Cola Bottling Company is entitled to have the case determined in its own Circuit."
This defense, like the motion to dismiss to which it referred, was bad in substance under the principles we have indicated above, and would have been vulnerable to a motion to strike.
On September 18, 1953 Tampa moved for summary judgment, the motion being supported by an affidavit of its President and a copy of the "sub-bottler's contract" between Tampa and Inverness. On the same day, Inverness filed a "Motion to Dismiss or to Change Venue", stating the following grounds:
"1. The Tampa Coca-Cola Bottling Company was improperly joined as a co-defendant, but this could not be reached on the pleadings and until a Motion for Summary Judgment could be heard, the question of the proper venue for the Inverness Coca-Cola Bottling Company could not be raised.
"2. The Inverness Coca-Cola Bottling Company does not carry on business in Hillsborough County, and the accident and injury complained of did not occur in Hillsborough County. Accordingly, the Inverness Coca-Cola Bottling Company is entitled to have this action tried at its place of business, that is, in Citrus County." (Emphasis added.)
Thus it was here alleged for the first time that Inverness did not carry on business in Hillsborough County, sufficiently negativing the idea that the venue of an independent suit against Inverness might have been proper. The affidavit and copy of the contract filed by Tampa, and not controverted by the plaintiff, established beyond doubt that no agency relationship which would be relevant to the instant case existed between the two defendants, and that each defendant did business exclusively within its own territory. On October 1, 1953 the trial court accordingly granted the motion of Tampa for summary judgment, but denied the motion of Inverness to dismiss or change the venue.
We think this denial of Inverness' motion was proper, because we are of the view that Inverness had waived its venue privilege. No sufficient venue objection was made, much less proved, by Inverness until September 18, 1953, or more than six months after the complaint was filed. Although the facts ultimately adduced in support of the venue claim were within the knowledge of both defendants at all times, and could have been presented to the court at any time after the litigation commenced, they were withheld for many months during the major part of which time the venue privilege of Inverness was asserted only by an insufficient defense in its answer. We think that in these circumstances the privilege was waived within the meaning of Rule 13(h) of the 1950 Florida Common Law Rules. This is not to say that if Inverness had properly pleaded its venue privilege either by motion or answer we would permit this result to stand. We hold only that one who would assert the venue privilege should, at the earliest possible time, and no later than the filing of his answer, plead all matters then known to him which would negative proper venue. After all, venue is but a privilege, and with the modern development of communications and the commensurate shortening of distance to the place of trial, the importance of the privilege has diminished, and the day when it was considered nearly jurisdictional is long since gone.
Our view of the facts of this case renders it unnecessary to consider the contention of Inverness that plaintiff was at her peril to make out a cause of action against Tampa in the venue she had selected.
Affirmed.
*104 MATHEWS, C.J., and TERRELL, SEBRING and DREW, JJ., concur.
ROBERTS, J., agrees to conclusion of affirmance.
THOMAS, J., dissents.