HORTON, Judge.
These two interlocutory appeals are from the same orders entered by the Circuit Court of Dade County, Florida, which denied a motion to dismiss made by the State Road Department to a complaint for damages filed on behalf of Reed Construction Corporation. The motion to dismiss, in addition to including the usual ground that the complaint failed to state a cause of action, also alleged that the venue of the cause was improper in that the State Road Department should be sued at its official place of residence, to-wit: Leon County,, Florida.
In one appeal, Reed Construction Corporation contends that the court erred in. granting a change of venue by transferring, the cause to Leon County. The State Road Department contends in the other appeal that the portion of the orders which denied its motion to dismiss but granted a motion-to transfer on a finding of improper venue was erroneous.
As to the'Reed' Construction contention, we find the same - to be- without *817 merit. See Smith v. Williams, 160 Fla. 580, 35 So.2d 844; and Henderson v. Gay, Fla. 1950, 49 So.2d 325.
The State Road Department’s contention that the court could not transfer the cause upon a finding of improper venue and at the same time deny the motion to dismiss is, in our view, well taken. We think the trial judge was eminently correct in concluding that the cause had been filed in the wrong circuit, but upon such a finding, he should have limited his order to the transfer as provided by § 53.17, Fla.Stat., F.S.A., without ruling upon the legal sufficiency of the allegations of the complaint. See Phelps v. Higgins, Fla.App.1960, 120 So.2d 633.
Accordingly, we modify the orders appealed by striking therefrom that portion which denied the motion to dismiss and, as modified, the orders appealed are affirmed.
Modified and affirmed.