TILLMAN PEARSON, Judge.
This is an interlocutory appeal from an order granting a motion to dismiss a cause of action at law on the basis that the venue was improper. The appellant is J. L. Foy, as Trustee of A. F. Foster Bridge Corporation. The appellant was plaintiff in the trial court where he brought a suit on behalf of the bridge corporation alleging that the State Road Department of the State of Florida owed the corporation money claimed to be due upon a contract between the bridge corporation and the State Road Department for work performed in Dade County. The complaint also claimed extra compensation for increased construction costs to the plaintiff allegedly resulting from engineering errors and unsuitable material furnished by the defendant Road Department.
The order appealed is interlocutory because it does not dispose of the cause but grants defendant’s motion on the ground of improper venue. State of Ohio ex rel. Squire v. Comstock, 146 Fla. 628, 1 So.2d 564. This interlocutory order at common law is appealable under Rule 4.2, Florida Appellate Rules, 31 F.S.A., as an order “relating to venue.”
The principal contention of the appellant is that because his action is ex con-tractu the court erred in granting the motion to dismiss on the ground that proper venue of the action is in Leon County, Florida. This contention has been determined adversely to the appellant in the recent case of Reed Construction Corporation v. State Road Department, Fla.App.1964, 165 So.2d 816 [opinion filed June 30, 1964.]
Appellant’s second point urges that if proper venue was in Leon County, the court should have transferred the cause to that court rather than granting the motion to dismiss. It will be recognized that this is the result reached in Reed Construction Corporation v. State Road Department, supra. In the instant case the court did not consider the question of transfer, and there is nothing in the record to show that it was requested to do so. Nevertheless, we feel that in construing the rule to produce a just result (as we conceive it our duty to do) it *690 is necessary for us to hold that the court should transfer rather than dismiss the cause. See Polar Ice Cream & Creamery Co. v. Andrews, Fla.App.1962, 146 So.2d 609; § 53.17, Fla.Stat., F.S.A. We are aware that it has been held that the question of improper venue is correctly raised by a motion to dismiss. Inverness Coca-Cola Bottling Co. v. McDaniel, Fla.1955, 78 So.2d 100. But we cannot escape the conclusion that a transfer is the most expeditious and just way to handle the matter. This conclusion seems to be reinforced in the present instance by the fact that the cause is still pending in the trial court. We, therefore, affirm that portion of the order finding the venue of the cause to be in Leon County and remand the cause to the trial court with directions to transfer it to the Circuit Court for Leon County, Florida.
Affirmed in part, reversed in part and remanded.