HENDRY, Chief Judge.
This is an interlocutory appeal by the plaintiff, Donna Brennan, from an order transferring the cause to the 17th Judicial Circuit (Broward County) from the 11th Judicial Circuit (Dade County).
Plaintiff filed her complaint for separate maintenance in Dade County on November 2, 1965. Defendant filed a motion to dismiss said complaint for failure to state a cause of action which was denied. Thereafter, plaintiff filed motions for temporary allowances, rule to show cause and several other motions, all of which the chancellor acted upon and entered appropriate orders. Defendant filed his answer and counterclaimed for divorce.
Subsequently, on May 26, 1966, the defendant, after substituting attorneys of record, filed a motion for change of venue. As ground therefor, the defendant asserted:
(1) it would be more convenient to transfer the cause to Broward County *783 where all the witnesses, parties, property and claims arose;
(2) venue was improperly laid in Dade County;
(3) an oral agreement between plaintiff’s attorney and the attorney representing both parties in a personal injury action but neither in this suit, not to contest venue does not constitute a waiver of defendant’s venue defense and explains delay in not' earlier seeking a change of venue.
The chancellor in his order found that all the property of the parties reposes in Broward County; defendant was at the time the complaint was filed and still is a resident of Broward County; plaintiff’s cause of action accrued in Broward County; and, the plaintiff was a resident of Broward County at the time the suit was filed.
Plaintiff initially selects venue but need not plead or prove that his selection is proper. The defendant has the burden of pleading and proving that the venue is improper. Defendant’s privilege of venue is a matter of defense and may be waived if not timely or sufficiently asserted.[1] The method of pleading the privilege of venue is well summarized by Dean Burnes in Florida Civil Practice Before Trial, Venue § 7.28 (The Florida Bar Continuing Legal Education, 1963) :
“Prior to 1950, the privilege of venue was raised by a ‘plea of privilege of venue’, which was a dilatory plea in the nature of a plea in abatement. Presently, under the Florida Rules of Civil Procedure the privilege of venue is one of seven specific defenses which may be raised by motion or answer. Fla.R.Civ. P. 1.11(b). Under the rules if the defendant raises one or more of such defenses by motion and does not include the defense of privilege of venue (“improper venue” as it is referred to) he may not raise it thereafter. If such a motion is not filed, however, the defendant may claim a privilege of venue in his answer, even though the answer contains other defenses, e. g., an affirmative defense including a counterclaim. However, if the defendant does not file such a motion or claim a privilege of venue in his answer, the privilege is deemed waived. Fla.R. Civ.P. 1.11(h).”
The defendant failed to include the defense of privilege of venue in his motion to dismiss for failure to state a cause of action. Therefore, the privilege must be deemed to have been waived. While the court may transfer cases laid in a wrong venue under the provisions of Rule 1.39(c) Florida Rules of Civil Procedure, 30 F.S.A. and § 53.17(1), Fla.Stat., F.S.A., it was erroneous to consider defendant’s untimely motion.
In view of defendant’s assertion in his motion to change venue that it would be more convenient to transfer the cause we deem it advisable to note that a motion to transfer an action to another county within this state for purposes of trial convenience is unauthorized.[2]
Section 53.17(2) Fla.Stat., F.S.A. provides that “[w]here a case is laid in a wrong venue and no timely objection is made thereto * * * the court may proceed to a final disposition of the cause which shall be binding on the parties.”
No timely objection having been made to improper venue, the order appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.

. Inverness Coca-Cola Bottling Company v. McDaniel, Fla.1955, 78 So.2d 100.

. Atlantic Coast Line Railroad Company v. Ganey, Fla.App.1960, 125 So.2d 576.