He has to reconstruct.

ROLLER DERBY ASSOCIATES and
Fred M. Morelli, Plaintiffs,

v.

Leo A. SELTZER et al., Defendants.

No. 71 C 2915.

United States District Court,
N. D. Illinois, E. D.

March 31, 1972.

Russell J. Topper, Chicago, Ill., for plaintiffs.

Devoe, Shadur, Plotkin, Krupp & Miller, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

TONE, District Judge.

Named as plaintiffs in this removed action are a partnership and one of the partners. Defendants are the two other surviving partners and two other parties. Viewed in the light most favorable to plaintiffs, the complaint, in Count I, seeks dissolution of the partnership on the ground of breaches of fiduciary duty by one of the defendant partners and, in Count II, asserts a claim against the non-partner defendants for breaches of obligations due the partnership.

Defendants have filed a motion for more definite statement, which is denied, and to strike certain prayers for relief which plaintiff now concedes are defective, and which are ordered stricken.

With their reply memorandum on that motion, defendants filed a so-called motion for judgment on the pleadings, or, in the alternative, for a stay of proceedings. They acknowledge that a motion for judgment on the pleadings is hardly appropriate since the pleadings are not closed, but they ask that the second motion be treated as an amendment

to their earlier motion. Rule 12(e) forbids successive motions, but the court may allow the original motion to be amended before it is ruled upon, and we therefore consider the second motion on its merits.

Defendants contend that the dissident partner cannot act for the partnership against the wishes of a majority of the partners. Since jurisdiction is based on diversity of citizenship, the capacity of the partnership to sue in its own name is, under Rule 17(b) of the Federal Rules of Civil Procedure, "determined by the law of the state in which the district court is held." Under the common law, which has not been changed by statute in Illinois, an action by a partnership must be brought in the name of the partners and not in the firm name. Ives v. Muhlenburg, 135 Ill.App. 517, 518–519 (2d Dist. 1907). The action must therefore be dismissed as to the partnership plaintiff.

Defendants also contend, relying upon Sindelare v. Walker, 137 Ill. 43, 27 N.E. 59 (1891), that the dissident partner cannot assert a claim for a wrong to the partnership without first prosecuting to a conclusion his claim for dissolution of the partnership. Therefore, they say, Count II should be dismissed, or in the alternative, stayed until Count I is determined. Rule 18(b) of the Federal Rules of Civil Procedure, however, provides that when a claim which prior to the adoption of the rules was "cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action." Under Rule 18(b) the dissident partner is entitled to join a claim for dissolution of the partnership with a claim belonging to the partnership which in the absence of that rule he could enforce only after dissolution, all the parties necessary for complete relief being before the court. Defendants' motion is accordingly denied, except as to the partnership plaintiff.