285 So.2d 687 (1973)
I.E. FIXEL, Appellant,
v.
Theodore CLEVENGER, Appellee.
No. 73-1121.
District Court of Appeal of Florida, Third District.
November 27, 1973.
Adams, George & Wood and David L. Willing, Miami, for appellant.
Hawkesworth, Kay & Schmick and Richard L. Wassenberg, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant takes this interlocutory appeal to review the trial court's order denying his motion to transfer.
*688 Plaintiff-appellee filed a complaint for damages against the defendant-appellant in Dade County, Florida. Appellant filed an answer in which he denied all the allegations of the complaint, but made no objection to venue. Subsequently, defendant moved to transfer the action to Broward County, Florida, on the grounds that defendant's office and residence is in Broward County, all of the events complained of occurred in Broward County, and the plaintiff is a resident of Broward County. A hearing was held thereon and the trial court denied the motion upon the ground that defendant waived his right to object to venue as provided for by RCP 1.140(b), 30 F.S.A. Defendant's motion for rehearing was denied also and this appeal followed.
Defendant-appellant first contends that F.S. § 47.011 F.S.A. requires the instant case to be transferred from Dade to Broward County, where the defendant resides and where the cause of action accrued.
It is well established that although the plaintiff initially elects venue, it is the defendant who has the burden of pleading and proving that venue is improper. However, the venue objection may be waived and if not timely or sufficiently asserted defendant must bear the consequences. Inverness Coca-Cola Bottling Company v. McDaniel, Fla. 1955, 78 So.2d 100; Brennan v. Brennan, Fla.App. 1966, 192 So.2d 782; Singer v. Tobin, Fla.App. 1967, 201 So.2d 799.
Under the present Florida Rules of Civil Procedure, improper venue is one of seven defenses which may be asserted either by motion or answer. RCP 1.140(b), 30 F.S.A.
Turning to the case sub judice, appellant upon being served with the complaint did not file a motion asserting the defense of improper venue. Having not filed such a motion, appellant still could have claimed the privilege of venue in his answer. However, the answer in the case at bar contains no objection to venue. Thus, the privilege of venue is deemed waived. RCP 1.140(h), 30 F.S.A. and Brennan v. Brennan, supra. Therefore, this argument of appellant must fail.
Appellant secondly contends that the trial court abused its discretion under F.S. § 47.122 F.S.A. in not transferring the instant case. We cannot agree.
Fla. Stat. § 47.122 F.S.A. reads as follows:
"47.122 Change of venue; convenience of parties or witnesses or in the interest of justice
"For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."
In statutory construction it has been held repeatedly that statutes must be given their plain and obvious meaning. Maryland Casualty Company v. Sutherland, 125 Fla. 282, 169 So. 679 (1936). The word "may" when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word "shall". Brooks v. Anastasia Mosquito Control District, Fla.App. 1963, 148 So.2d 64. Thus, it is within the discretion of the trial judge to transfer the instant cause of action. The motion for transfer in the case sub judice having been filed after the answer, we find no abuse of the trial judge's discretion under the statute in not transferring the case to Broward County.
Accordingly, the order of the trial court is hereby affirmed.
Affirmed.