QUESTION: Does s. 212.03(6), F.S., apply to dockage charges imposed by the Port of Palm Beach District?
SUMMARY: Section 212.03(6), F.S., applies to dockage charges imposed by the Port of Palm Beach District. Section 212.03(6), F.S., provides in pertinent part: It is the legislative intent that every person is engaging in a taxable privilege who . . . leases or rents docking or storage spaces for boats in boat docks or marinas. For the exercise of this privilege a tax is hereby levied at the rate of four percent on the total rental charged. For the purposes of Ch. 212, F.S., s. 212.02(1) thereof defines the word "person" to include any political subdivision, municipality, state agency, bureau, or department of the state. It is my opinion that the Port of Palm Beach District (hereinafter referred to as the "district") is a "person" within the meaning of ss. 212.02(1) and212.03(6). The first issue that arises is whether or not the district is exempt from taxation by the state under the provisions of any special or general act of the Legislature. While it is true that s. 315.11, F.S., attempts to exempt port facilities (such as the district) from the payment of any state, county, municipal, or other taxes or assessments (excluding any tax imposed by Ch. 220, F.S., on interest, income, or profits on debt obligations owned by corporations), s. 212.08(10), F.S., likewise unequivocally states that no transactions shall be exempt from the tax imposed by Ch. 212, F.S., except those expressly exempted within said Ch. 212. Subsection (10), supra, goes on to state that all special or general laws granting tax exemptions, to the extent they may be inconsistent or in conflict with Ch. 212, including but not limited to certain designated laws (specifically citing s.315.11), shall yield to and be superseded by the provisions of said subsection. The sales tax imposed by Ch. 212, F.S. [s.212.03(6)], is not a tax against persons or property, but is an excise tax levied upon business transactions for the privilege of engaging in a particular occupation or business, although it is computed upon the sales prices of the commodity or upon the price charged for the services rendered. Moreover, since s. 212.07
requires that the tax levied by s. 212.03(6) be passed on to and collected from the purchaser or tenant, the revenues generated from the sale of the merchandise or the rendering of services are not impaired. See Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); Ryder Truck Rental, Inc. v. Bryant, 170 So.2d 822 (Fla. 1964); State ex rel. Housing Authority v. Kirk, 231 So.2d 522 (Fla. 1970). Thus, because of the language of s. 212.08(10), F.S., and its effect on s. 315.11, F.S., and all other special or general laws, and in view of the nature of the tax levied by s. 212.03(6), F.S., it is my opinion that the various special acts adopted in regard to the district (beginning with Ch. 7081, 1915, Laws of Florida, and amended specifically by Chs. 59-1701, 57-1696, and 74-570, Laws of Florida) do not provide an exemption from the tax levied by s.212.03(6). The second issue that arises is whether or not s.212.03(6), F.S., applies to the operations of the district — specifically, the leasing or renting of docking or storage spaces. Section 3 of Ch. 68-27, Laws of Florida, adding said s. 212.03(6), provided in pertinent part that: It is hereby declared to be the legislative intent that every person is engaging in a privilege taxable at the rate of four percent (4%) who . . . leases or rents docking or storage spaces for boats in privately owned boat docks or marinas. (Emphasis supplied.) This section, along with the remaining provisions of Ch. 68-27, took effect on April 1, 1968, and automatically expired on June 30, 1969. It is obvious that while this section was in effect the district would not have been subject to the tax levied under s. 212.03(6), F.S., as quoted above, inasmuch as its facilities, specifically its boat docks, are not privately owned. However, in the same session of the Legislature, s. 2 of Ch. 68- 119, Laws of Florida, amending s.212.03(6), F.S., was also adopted and provided in part that: It is the legislative intent that every person is engaging in a taxable privilege who . . . leases or rents docking or storage spaces for boats in boat docks or marinas. For the exercise of this privilege a tax is hereby levied at the rate of four percent (4%) of the total rental charged. This amendment to s. 212.03(6), among other things, deleted the words "privately owned" and thus extended the coverage of the section to all boat docks or marinas, whether privately or publicly owned. It is equally obvious that while s. 3 of Ch. 68-27, Laws of Florida, would not have covered the district (with the revised language in s. 2 of Ch. 68-119, Laws of Florida), the district did otherwise come within the purview of s. 212.03(6), supra, as amended. The remaining issue is whether or not the district is engaging in the taxable privilege of leasing or renting docking or storage spaces for boats in boat docks or marinas as contemplated by s. 212.03(6), F.S., in view of the contention that the district acts as an importexport facility for vessels that are berthed at the port to a wharf, pier, or bulkhead structure, or to another vessel. The first question that arises out of this issue is what the Legislature meant by the term "boat" as it is used in s. 212.03(6), F.S. It must be remembered that statutes must be given their plain and obvious meaning. Fixel v. Clevenger, 285 So.2d 687 (3 D.C.A. Fla., 1973). Furthermore, when terms and provisions of a statute are plain, there is no reason for judicial or administrative interpretation; thus, it is presumed the Legislature meant what it said. Leigh v. State ex rel. Kirkpatrick, 298 So.2d 215 (1 D.C.A. Fla., 1974). While Ch. 212, F.S., contains no definition of the term boat as it is used in s. 212.03(6) and other sections of Ch. 212 [see ss. 212.05(1) and 212.02(9)], the term is not one that the Legislature is totally unfamiliar with in its passage of legislation. Article VII, s. 1(b), State Const., which pertains to taxation (specifically providing that "boats" shall be subject to a license tax), contains the term boat which the Legislature has defined in s. 371.021(1), F.S., as follows: "Vessel" is synonymous with boat and means a motor or artificially propelled vehicle registered as provided herein . . . and every other description of watercraft, barges, and air boats, other than a seaplane on the water, used or capable of being used as a means of transportation on water. (Emphasis supplied.) This statutory definition is consistent with the plain and ordinary meanings of the terms "boat," "ship," and "vessel," which are defined in Webster's Third New International Dictionary (1961 unabr. ed.) as: Boat: "a small vessel with or without a deck propelled by oars or paddles or by sail or power; a ship; a submarine." (Emphasis supplied.) [Page 244] Ship: "any large seagoing boat; a boat intended or used for navigation and propelled by power or sail; a boat or structure used for the purpose of navigation or intended or used for transportation on a river, seas, ocean or other navigable water without regard to its form or means of propulsion." (Emphasis supplied.) [Page 2096] Vessel: "a hollow structure used on or in the water for purposes of navigation; a craft for navigation of the water; a watercraft or structure with its equipment, whether self-propelled or not, that is used or capable of being used as a means of transportation in navigation or commerce on water." (Emphasis supplied.) [Page 2547] While Ch.212, F.S., does not define the term boat, in view of the above it is my opinion that for the purposes of s. 212.03(6) the terms boat and vessel are synonymous and mean motor or artificially propelled vehicles, irrespective of size, and every other description of watercraft, barges, and air boats, other than seaplanes on the water, used or capable of being used as a means of transportation on water. See 29A Fla. Jur. Ships and Shipping s. 2, p. 372; 12 Am. Jur.2d Boats and Boating s. 1; 1 Benedict on Admiralty ss. 161-167 (7th ed. 1974); see also 1 U.S.C.A. s. 3; 46 U.S.C.A. s. 1452(1)(2); City of Tampa v. Tampa Shipbuilding Engineering Co.,186 So. 411 (Fla. 1939); Campbell v. Loznicka, 181 F.2d 356 (5th Cir. 1955); Pleason v. Gulfport Shipbuilding Corp., 221 F.2d 621
(5th Cir. 1955); contra, see The Saxon, 269 F. 639 (E.D.S.C. 1921), citing no authority for holding. The third question is whether the Legislature, in using the phrase "boat docks or marinas," meant to include all facilities that might be used for leasing or renting docking or storage spaces for boats, or whether the term "boat docks" is merely complementary to the term "marinas" and is meant to include only facilities used for the docking or storage of pleasure boats (motor boats and yachts). It is a general rule of statutory construction that: The word "or" is a disjunctive particle [sic] that marks an alternative, generally corresponding to "either," as "either this or that"; a connective that marks an alternative. It often connects a series of words or propositions, presenting a choice of either. Pompano Horse Club, Inc. v. State ex rel. Bryan, 111 So. 801, 805 (Fla. 1927); see also Pinellas County v. Woolley, 189 So.2d 217 (2 D.C.A. Fla., 1966); Dotty v. State of Florida, 197 So.2d 315 (4 D.C.A. Fla., 1967). Thus, it is my opinion that the phrase boat docks or marinas is used disjunctively and is meant to include all facilities that might be used for leasing or renting docking or storage spaces for boats. The remaining question is what the Legislature meant when it used the terms docks and marinas in s.212.03(6), F.S. Again, it must be remembered that statutes must be given their plain and obvious meaning. Fixel v. Clevenger, supra. Furthermore, when terms and provisions of a statute are plain, there is no reason for judicial or administrative interpretation; thus, it is presumed the Legislature meant what it said. Leigh v. State ex rel. Kirkpatrick, supra. Since Ch. 212, F.S., does not define the terms docks and marinas as they are used in s. 212.03(6) and other sections of Ch. 212, one must turn to the plain and ordinary meanings of the terms, defined in Webster's Third New International Dictionary (1961 unabr. ed.) as: Dock: "a natural or artificial inlet or hollow in which a ship can be received; an artificial basin or enclosure in connection with a harbor or river for the reception of ships and equipped with means for controlling the water height; a series of slips and adjoining wharves, offices and other buildings; a place for the loading or unloading of materials from ships or for their storage." [Page 665] Marina: "a dock or basin providing secure mooring for motor boats and yachts." [Page 1382] The inescapable conclusion is that the legislative intent was to impose sales tax on the taxable privilege of leasing or renting docking or storage spaces for boats (this term being synonymous with vessel) in either boat docks or marinas (the latter being commonly associated with pleasure boats; the former being commonly associated with the facilities provided by port authorities). In view of the foregoing, it is my opinion that the sales tax imposed by s.212.03(6), F.S., applies to the dockage charges imposed by the district.