387 So.2d 1046 (1980)
Donald GROSS, Appellant,
v.
Leo FRANKLIN, Appellee.
No. 80-1142.
District Court of Appeal of Florida, Third District.
September 16, 1980.
*1047 Haber, Kaplan & Rapoport, Miami, for appellant.
O'Connell, Cooper, Parrish & McBane and William G. Shofstall, Jr., West Palm Beach, for appellee.
Before NESBITT, BASKIN, and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Gross sued Franklin in Dade County for damages arising out of a breach of their partnership agreement. Franklin moved to dismiss the complaint upon the limited grounds that it failed to state a cause of action or a claim upon which relief could be granted, and that Gross' exclusive remedy under the contract was arbitration. Gross then, without leave of court, filed an amended complaint which Franklin moved to dismiss on essentially the same grounds. Before any hearing was held on his motion to dismiss, Franklin, a resident of Palm Beach County, moved to transfer the cause there.[1] The trial court granted Franklin's motion to transfer, and Gross took this interlocutory appeal.[2] Gross here contends that Franklin's failure to assert improper venue as a defense in his motion to dismiss the amended complaint waived his right to thereafter move to transfer on venue grounds.[3]
Under Florida Rule of Civil Procedure 1.140[4] the failure to raise improper *1048 venue in a motion to dismiss filed under the rule waives any right to have the cause dismissed on venue grounds. Inverness Coca-Cola Bottling Company v. McDaniel, 78 So.2d 100 (Fla. 1955); Brennan v. Brennan, 192 So.2d 782 (Fla.3d DCA 1966). But Franklin contends (1) even if his right to a dismissal under Rule 1.140 was waived, his right to have the cause transferred under Florida Rule of Civil Procedure 1.060(b) was not[5]; and (2) his failure to include venue grounds in his motion to dismiss was not a waiver, since his motion to transfer was filed prior to any hearing on his motion to dismiss.
In our view, Brennan v. Brennan, supra, requires that Franklin's first contention be rejected. In Brennan, the defendant moved to dismiss the complaint for failure to state a cause of action. Sometime later (after his motion to dismiss was denied, after numerous other motions were heard, and after an answer and counterclaim were filed), the defendant moved for a change of venue. The trial court, finding that the proper venue was Broward, not Dade County, transferred the cause. This court reversed, holding:
"The defendant failed to include the defense of privilege of venue in his motion to dismiss for failure to state a cause of action. Therefore, the privilege must be deemed to have been waived. While the court may transfer cases laid in a wrong venue under the provisions of Rule 1.39(c), Florida Rules of Civil Procedure, 30 F.S.A. and § 53.17(1) Fla. Stat., F.S.A., it was erroneous to consider defendant's untimely motion." 192 So.2d at 783.
Franklin misapprehends the interrelationship of the rules touching upon venue. Rule 1.140 requires a defendant to timely challenge improper venue. At his option, the challenge may be made either by motion or, if no motion is filed, by a defense raised in the responsive pleading.[6] Where the challenge is by a motion to dismiss, transfer is the more appropriate remedy.
"Appellant's second point urges that if proper venue was in Leon County, the court should have transferred the cause to that court rather than granting the motion to dismiss. It will be recognized that this is the result reached in Reed Construction Corporation v. State Road Department, [165 So.2d 816 (Fla.3d DCA 1964)]. In the instant case the court did not consider the question of transfer, and there is nothing in the record to show that it was requested to do so. Nevertheless, we feel that in construing the rule to produce a just result (as we conceive it our duty to do) it is necessary for us to hold that the court should transfer rather than dismiss the cause. [citations omitted]. We are aware that it has been held that the question of improper venue is correctly raised by a motion to dismiss. [citations omitted]. But we cannot escape the conclusion that a transfer is the most expeditious and just way to handle the matter ..." Foy v. State Road Department, 166 So.2d 688, 689-90 (Fla.3d DCA 1964).
Thus, Rule 1.060(b) merely vests authority in the court to transfer when a timely Rule 1.140 motion challenging improper venue is *1049 made. Since transfer, not dismissal, is the favored remedy for improper venue, James A. Knowles, Inc. v. Imperial Lumber Company, 238 So.2d 487 (Fla.2d DCA 1970); Foy v. State Road Department, supra; Reed Construction Corporation v. State Road Department, 165 So.2d 816 (Fla.3d DCA 1964), a Rule 1.140 motion to dismiss is, in effect, a motion to transfer. If, as Franklin argues, Rule 1.060(b) provides a separate vehicle for transfer by a motion made at any time, then Rule 1.140's clear statement that challenges for improper venue not timely made are waived would have no meaning.[7]
However, Franklin's second contention that his motion to transfer on improper venue grounds was timely in that it was filed before any argument on his motion to dismiss was held has merit. The philosophy underlying the consolidation of defenses is that to permit a series of motions is to encourage dilatory tactics. But dilatoriness does not exist where separate motions raising Rule 1.140(b) defenses are filed before hearing is held on any such motion. While no Florida case has addressed this precise issue, the Federal courts which have been called upon to construe the comparable Federal Rule have uniformly decided that additional grounds such as improper venue may be added to the motion before it is argued, and no waiver occurs. See Bechtel v. Liberty National Bank, 534 F.2d 1335 (9th Cir.1976); MacNeil v. Whittmore, 254 F.2d 820 (2d Cir.1958); Martin v. Lain Oil & Gas Co., 36 F. Supp. 252 (E.D. Ill. 1941). See also Roller Derby Associates v. Seltzer, 54 F.R.D. 556 (N.D. Ill. 1972). These decisions are persuasive authority for our similar construction of Rule 1.140(b). See Zuberbuhler v. Division of Administration, supra, at fn. 6.
Accordingly, the order of the trial court is affirmed.
Affirmed.
NOTES
[1] At the time this motion was filed on April 18, 1980, a hearing on the motions to dismiss was scheduled for June 16, 1980.
[2] Authorized by Fla.R.App.P. 9.130(a)(3)(A).
[3] Gross' amended complaint alleges that both the plaintiff and defendant are residents of Palm Beach County. He makes no claim that venue was properly laid in Dade County.
[4] Subsection (b) of Florida Rule of Civil Procedure 1.140 provides that the defense of improper venue may be made by motion at the option of the pleader. It goes on to say that any ground not stated shall be deemed to be waived except that one showing that the court lacks jurisdiction of the subject matter may be made at any time. Subsection (g) of the same rule says that if a party does choose to raise the enumerated defenses by motion, he is precluded from later raising any he omits except for lack of jurisdiction over the subject matter. Finally, subsection (h) provides that a party waives the Rule 1.140(b) defenses which he has not raised by motion or, in the absence of a motion, in a responsive pleading, except, again, for the defense of lack of jurisdiction over the subject matter.
[5] Rule 1.060(b) provides:

"(b) Wrong Venue. When any action is filed laying venue in the wrong county or district, the court may transfer the action ... to the proper court in any county or district where it might have been brought in accordance with the venue statutes... ."
[6] The committee note to the counterpart Federal Rule of Civil Procedure 12 makes clear that if a party avails himself of a preanswer motion and fails to raise a venue challenge therein, he may not thereafter raise improper venue in his answer. See 2A Moore's Federal Practice (2d ed. 1979) ¶ 12.02 at 2224, ¶ 12.22 at 2440-41, and ¶ 12.23 at 2446-47. Decisions and commentaries under the Federal Rules of Civil Procedure are persuasive guidelines to the interpretation of our state rules, which are closely patterned after the Federal Rules. See, e.g., Zuberbuhler v. Division of Administration, 344 So.2d 1304 (Fla.2d DCA 1977).
[7] We make clear that our discussion is confined to a challenge for improper venue, not a motion to transfer on grounds of forum non conveniens. The latter motion need not be made within Rule 1.140 time limits. Such time limits, although adequate to determine if venue statutes have been met, are not necessarily adequate for determining forum non conveniens grounds. See James v. Norfolk and Western Railway Co., 430 F. Supp. 1317 (S.D. Ohio 1976); Snam Progetti S.P.A. v. Lauro Lines, 387 F. Supp. 322 (S.D.N.Y. 1974).