DOWNEY, Judge.
Appellee, Microtel, Inc., (Microtel) filed its complaint against Flick Mortgage Company (Flick) and Norman McDonald (McDonald) in two counts. Count one is based on a written contract, pursuant to which Microtel rendered telephonic services to Flick valued at $16,751.52. Flick, it is alleged, breached the contract by refusing to pay for said services. Count two alleges that McDonald is believed to be an agent or employee of Flick and that McDonald used a Microtel code and had access to Microtel facilities whereby he placed long distance calls. In the alternative, Microtel claims McDonald incurred charges for Microtel facilities in his individual capacity and, thus, he would be unjustly enriched were he not required to pay therefor.
The written contract between Microtel and Flick is attached to the complaint. Among other things, said contract provides that all billing charges are due and payable upon receipt at Microtel offices in Miami, *698 Florida. Also attached to the complaint is a copy of a bill sent by Microtel to Flick, which directs payment to be made to Micro-tel at its Boca Raton office. Further, in the complaint proper Microtel alleges that payment was due and payable in Boca Ra-ton, Florida.
Flick filed an unverified motion for change of venue, stating that McDonald was a resident of Dade County; that Flick was a corporation with an office for the transaction of business in Dade County; that the contract provides that all billings by Microtel are payable in Miami, Florida; and that venue should be changed for convenience of the parties and witnesses who are primarily located in Dade County. Therefore, Flick requested the trial court to transfer venue pursuant to Chapter 47, Florida Statutes, to Dade County, Florida.
Microtel thereafter filed an affidavit of its assistant treasurer, which states, among other things, that “[initially, Flick Mortgage was to make payments to an office in Miami, Florida, which payments were later changed to the Boca Raton, Florida office of Microtel.” The affidavit further states that the customer failed to pay the amounts due. The trial court denied the motion to change venue and this appeal ensued.
Initially, the plaintiff chooses the venue of an action and he need not plead or prove the selection is proper. The burden of proof that the chosen venue is improper is upon the defendant. Inverness Coca-Cola Bottling Company v. McDaniel, 78 So.2d 100 (Fla.1955). As set forth above, all we have here is the complaint and an unsworn motion by Flick to which Microtel filed an affidavit in response stating that the place of payment had been changed to Palm Beach County.
Under the foregoing circumstances, it appears that Flick and McDonald did not carry their burden of proof and that the trial court was correct in denying the motion to change venue.
AFFIRMED.
DELL and GLICKSTEIN, JJ., concur.