Chief Darrel W. Stephens St. Petersburg Police Department 1300 First Avenue North St. Petersburg, Florida 33705
Dear Chief Stephens:
You have asked for my opinion on substantially the following questions:
1. Does section 112.533(2)(a), Florida Statutes, entitle a law enforcement officer who is the subject of a complaint to review audio cassettes of oral statements which have not been reduced to writing?
2. Do sections 112.531-112.534, Florida Statutes, require that the investigating agency reduce all oral statements to writing before the officer under investigation may be interviewed?
3. Does section 112.533(2)(a), Florida Statutes, give the agency conducting the investigation under Part VI, Florida Statutes, the discretion to determine when an officer may review the complaint and all written statements before being interviewed?
In sum:
1. A law enforcement officer against whom a complaint has been filed is not entitled by section 112.533(2)(a), Florida Statutes, to review audio cassettes of oral statements which have not been reduced to writing.
2. Nothing in sections 112.531-112.534, Florida Statutes, precludes an agency from reducing all oral statements to writing before the officer under investigation is interviewed. However, the Law Enforcement Officers' Bill of Rights does not require that such action be taken.
3. Section 112.533(2)(a), Florida Statutes, requires that the complaint and all written statements be made available "immediately prior to the beginning of the investigative interview." An agency may adopt administrative rules implementing this mandate by specifying reasonable times and places at which the information is made available to the officer against whom the complaint has been made.
According to your letter, the St. Petersburg Police Department is currently reviewing its policy and procedures relating to internal affairs investigations and Part VI, Chapter 112, Florida Statutes, commonly known as the "Law Enforcement Officers' Bill of Rights." You are seeking clarification of the provisions of section112.533(2)(a), Florida Statutes, which states that:
A complaint filed against a law enforcement officer or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active, or until the agency head or his designee provides written notice to the officer who is the subject of the complaint, either personally or by mail, that the agency has either: 1. Concluded the investigation with a finding not to proceed with disciplinary action or to file charges; or 2. Concluded the investigation with a finding to proceed with disciplinary action or to file charges.
Notwithstanding the foregoing provisions, the officeer who is the subject of the complaint may review the complaint and all written statements made by the complainant and witnesses immediately prior to the beginning of the investigative interview. If a witness to a complaint is incarcerated in a correctional facility and may be under the supervision of, or have contact with, the officer under investigation, only the names and written statements of the complainant and nonincarcerated witnesses may be reviewed by the officer under investigation immediately prior to the beginning of the investigative interview.
Question One
You ask whether section 112.533(2)(a), Florida Statutes, authorizes a law enforcement officer who is the subject of a complaint to review audio cassettes of oral statements which have not been reduced to writing. The specific language in the statute which controls provides that "the officer who is the subject of the complaint may review the complaint and all written statements made by the complainant and witnesses immediately prior to the beginning of the investigative interview."(e.s.) Thus, the statute limits review to the complaint and "all written statements made by the complainant and witnesses[.]"
The general rule is that where statutory language is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction.[1] The terms of section 112.533(2)(a), Florida Statutes, are particularly clear and unambiguous. Therefore, the statute must be read to effect the legislative intent, i.e., the statute authorizes the review of written statements.
Further, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[2] Thus, applying this rule of statutory construction to the relevant portion of section 112.533, Florida Statutes, the specific mention of "written statements" would preclude the inclusion of any other type of statements within the scope of the statute.
In support of this conclusion, I note that Senate Bill 1152 was introduced during the 1990 legislative session. This bill would have amended section 112.533(2)(a), to read, in part, that "the officer who is the subject of the complaint may review the complaint and all written or otherwise recorded statements made by or on behalf of the complainant and witnesses."[3] The Senate Staff Analysis for the bill explains the effect of these proposed changes:
Prior to a law change made in 1989, a law enforcement officer or correctional officer who was the subject of a complaint filed with the employing agency was not privy to the nature and substance of the charges prior to the beginning of the investigative interview. The law now permits the officer to review the complaint made against him, including all written statements made by the complainant and witnesses, before the investigative interview begins. Recorded statements are presently excluded. SB 1152 would include recorded statements made by or on behalf of the complainant and witnesses to the information an officer would be permitted to review immediately before the beginning of the investigative interview.[4]
Thus, an attempt was made in 1990 to expand the scope of review to include statements other than written statements. Senate Bill 1152 did not pass and the current version of section 112.533(2)(a), Florida Statutes, limits review to written statements.
Question Two
Your second question is whether any statutory provision within Part VI, Chapter 112, Florida Statutes, requires the investigating agency to reduce all oral statements to writing before the officer who is being investigated may be interviewed.
Section 112.532, prescribing law enforcement officers' and correctional officers' rights, states that "[t]he law enforcement officer or correctional officer under investigation shall be informed of the nature of the investigation prior to any interrogation, and he shall be informed of the name of all complainants."[5] Section 112.533, Florida Statutes, discussed above, requires that the subject of the complaint be allowed to review "the complaint and all written statements made by the complainant and witnesses[.]"
No provision of this part mandates that the agency investigating the complaint reduce all statements to writing or prescribes a time frame for doing so. In the absence of any legislative direction in this regard, I cannot conclude that such a requirement may be inferred from the terms of the statute. However, nothing in the language of section 112.533, Florida Statutes, or the legislative history relating to enactment of the statute prevents a law enforcement agency or correctional agency from reducing all oral statements to writing and providing them to the subject of the interview prior to such an interview.
Case law construing section 112.533, Florida Statutes, suggests that this is a matter which may be appropriate for local policy regulation. In the case of City of Delray Beach v. Barfield,[6] a 1991 Fourth District Court of Appeal case relating to a complaint against a law enforcement officer, the court determined that "there is nothing in the statute that requires all complaints to be in writing or precludes the agency from reducing them to writing upon `receipt.'"[7] In that case the internal affairs investigating officer testified that the city's written policy, presumably adopted to effectuate section 112.533(1), required that the watch commander receiving a complaint "will render into writing the individual's complaint and forward it up through the chain of command . . . to the captain of the affected employee."[8]
Thus, while there is no statutory requirement that all such oral statements be transcribed, the city may adopt a policy requiring the timely transcription of complaints and statements made pursuant to section 112.533, Florida Statutes.
Question Three
Finally, you ask whether the discretion granted in section112.533(2), Florida Statutes, authorizing the review of the complaint and all written statements resides in the agency performing the investigation. It is my opinion, based on a reading of the language of the statute, that it is within the discretion of the officer who is the subject of the complaint to review or not review the complaint and written statements. The city is under a mandate to make such statements available "immediately prior to the beginning of the investigative interview."
The word "may" when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word "shall."[9] Thus, the statute provides discretion to review certain documents named in section 112.533, Florida Statutes. The terms of the statute clearly place this discretion within the control of the officer who is the subject of the complaint.
Prior to 1989, an officer against whom a complaint had been filed pursuant to section 112.533, Florida Statutes, was not privy to the information supporting the complaint until the conclusion of the internal investigation.[10] Section 112.533(2)(a), Florida Statutes, was amended by Chapter 89-223, section 2, Laws of Florida, demonstrating the legislative intent that a law enforcement or correctional officer be permitted to review a complaint made against that officer, including all written statements made by the complainant and witnesses immediately prior to the beginning of the investigative interview.[11]
Thus, it is my opinion that if written statements exist, it is within the discretion of the officer against whom the complaint has been filed to review these documents and the complaint itself prior to beginning the investigative interview. The statute requires that these statements be made available for review "immediately prior to the beginning of the investigative interview" and the city may wish to adopt a policy requiring a timely transcription of oral statements and establishing reasonable times and locations for the subject officer to review these statements.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Fine v. Moran, 77 So. 533, 536 (Fla. 1917). See also, Reino v. State, 352 So.2d 853, 860 (Fla. 1977), and Holly v. Auld,450 So.2d 217, 219 (Fla. 1984). And see, City of Delray Beach v. Barfield, 579 So.2d 315, 318 (Fla. 4th DCA 1991) (words used are best evidence of legislative intent where they are plain and unambiguous).
[2] Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944).
[3] The underlined portions represent amendatory language which was subsequently amended when the phrase "or otherwise recorded" was stricken and inserted was the language "or, if not available, otherwise recorded[.]" See, Senate Committee on Judiciary-Criminal Amendment to SB 1152, adopted 4/18/90.
[4] Senate Staff Analysis and Economic Impact Statement on SB 1152, dated April 18, 1990.
[5] Section 112.532(1)(d), Fla. Stat.
[6] 579 So.2d 315, 317 (Fla. 4th DCA 1991).
[7] Id. at 317.
[8] Id. at footnote 3.
[9] Fixel v. Clevenger, 285 So.2d 687 (Fla. 3d DCA 1973); City of Miami v. Save Brickell Ave., Inc., 426 So.2d 1100 (Fla. 3d DCA 1983).
[10] See, Senate Staff Analysis and Economic Impact Statement for CS/SB 407, dated April 18, 1989.
[11] Id.