The Honorable Katherine Fernandez Rundle State Attorney Eleventh Judicial Circuit of Florida E.R. Graham Building 1350 Northwest 12th Avenue Miami, Florida 33136-2111
Dear Ms. Rundle:
You ask substantially the following questions:
1. May a multidisciplinary team be established prior to the effective date of Chapter 98-64, Laws of Florida, for the purpose of assessing and recommending persons to be designated as sexually violent predators who are scheduled to be released on or after January 1, 1999?
2. Are the involuntary civil commitment procedures established by Chapter 98-64, Laws of Florida, dependent upon compliance with the notice requirements of section 5, Chapter 98-64, Laws of Florida?
3. Is the state attorney authorized to file a petition for the involuntary civil commitment of persons scheduled to be released on or after January 1, 1999, independent of a recommendation from the multidisciplinary team?
In sum:
1. Nothing in Chapter 98-64, Laws of Florida, would preclude the appointment, prior to January 1, 1999, of a multidisciplinary team to assess and recommend persons to be designated as sexually violent predators.
2. The involuntary civil commitment procedures established by Chapter 98-64, Laws of Florida, are not dependent upon compliance with the notice requirements of section 5, Chapter 98-64, Laws of Florida.
3. The state attorney may file a petition for the involuntary civil commitment of persons scheduled to be released on or after January 1, 1999, independently of a recommendation from the multidisciplinary team. (SEE ATTORNEY GENERAL OPINION 98-73)
Chapter 98-64, Laws of Florida, the "Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act," (act) establishes a system for the involuntary evaluation and treatment of sexually violent predators. Section 916.31, Florida Statutes (1998 Supplement), which sets forth the legislative intent for adoption of the act, states the Legislature finds that a small but extremely dangerous number of sexually violent predators exist who do not have a mental disease or defect that renders them appropriate for existing treatment programs. The likelihood of these offenders engaging in repeat acts of predatory sexual violence is high. Their treatment needs are long-term and are not readily met in a prison setting. The Legislature, therefore, has determined it necessary to create a civil commitment procedure for the long-term care and treatment of these individuals.
The act contemplates that notice of the anticipated release of a person convicted of a sexually violent offense will be provided to a multidisciplinary team established by the Secretary of Children and Family Services, and the local state attorney.[1] The multidisciplinary team assesses whether the person meets the definition of sexually violent predator[2] and provides the state attorney with its written assessment and recommendation.[3] The state attorney may file a petition in the judicial circuit where the person committed the sexually violent offense alleging that the person is a sexually violent predator.[4] If the court finds probable cause, the judge shall direct that the person be taken into custody and held in an appropriate secure facility.[5] A trial is subsequently held to determine whether the person is a sexually violent predator.[6]
The act is scheduled to take effect January 1, 1999. Questions, however, have arisen regarding implementation of the act and its application to those inmates scheduled to be released on or after January 1, 1999.
Questions One and Two
As your first and second questions are related, they will be discussed together.
Section 916.33(3), Florida Statutes (1998 Supplement), provides:
"The Secretary of Children and Family Services shall establish a multidisciplinary team, which shall include two licensed psychiatrists or psychologists, or one licensed psychiatrist and one licensed psychologist, designated by the Secretary of Children and Family Services. The Attorney General's Office shall serve as legal counsel to the multidisciplinary team. The team, within 45 days after receiving notice, shall assess whether the person meets the definition of a sexually violent predator and provide the state attorney with its written assessment and recommendation."
The agency with jurisdiction over the offender is required to give written notice within 180 days of the offender's anticipated release to the multidisciplinary team and to the state attorney where the person was last convicted of a sexually violent offense. In the case of an adjudicated committed delinquent, such notice must be given 90 days prior to such anticipated release.[7]
Section 916.33(2), Florida Statutes (1998 Supplement), however, clearly provides that "[t]he provisions of this section are not jurisdictional, and failure to comply with them in no way prevents the state attorney from proceeding against a person otherwise subject to the provisions of ss. 916.31-916.49."
Thus, failure to give notice within the above time frames would not, according to the express terms of the act, preclude either the multidisciplinary team or the state attorney from proceeding under the act.
Moreover, while the act does not become effective until January 1, 1999, nothing in the act precludes the Department of Children and Family Services from establishing a multidisciplinary team prior to that date. Indeed, in light of the respective responsibilities imposed on various governmental agencies by the act, and the public safety concerns that the act is intended to address, it would be prudent for an agency to act expeditiously to ensure that the provisions of the act are fully operational as of January 1, 1999.
Question Three (SEE ATTORNEY GENERAL OPINION 98-73)
While recognizing that Chapter 98-64, Laws of Florida, generally contemplates that the multidisciplinary team will provide an assessment and recommendation to the state attorney as to whether a person meets the definition of sexually violent predator, you ask whether the state attorney is precluded from filing a petition under the act in the absence of such an assessment and recommendation.
As discussed in Questions One and Two, section 916.33(1), Florida Statutes (1998 Supplement), requires that both the multidisciplinary team and the state attorney receive notice of the anticipated release of a person who has been convicted of a sexually violent offense. The act contemplates that the multidisciplinary team assesses and recommends to the state attorney whether it believes the person qualifies as a sexually violent predator. The state attorney, however, is not bound to follow that recommendation.
Nothing in the act indicates that the state attorney is precluded from filing a petition with the court even though the multidisciplinary team has reached a contrary conclusion. Section 916.34, Florida Statutes (1998 Supplement), provides that following receipt of the written assessment and recommendation from the multidisciplinary team, the state attorney may file a petition with the court alleging that the person is a sexually violent predator. The use of the term "may" indicates that the state attorney has discretion in determining whether to file such a petition.[8]
The multidisciplinary team is created by section 916.33(3), Florida Statutes (1998 Supplement), which also prescribes the team's duties and responsibilities. The statute, however, expressly recognizes that failure to comply with the section's provisions does not prevent the state attorney from proceeding under the act. Thus, failure of the team to act, or even to be created, would not appear to preclude the state attorney from proceeding under sections 916.31-916.49, Florida Statutes (1998 Supplement).
Accordingly, I am of the view that until legislatively or judicially clarified, the state attorney may file a petition for the involuntary civil commitment of persons scheduled to be released on or after January 1, 1999, independently of a recommendation from the multidisciplinary team.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See, s. 916.33(1), Fla. Stat. (1998 Supp.), as created by s. 5, Ch. 98-64, Laws of Florida. Such notice is to be provided by the agency having jurisdiction over the person convicted of the sexually violent offense. See, s. 916.32(1), Fla. Stat. (1998 Supp.), as created by s. 4, Ch. 98-64, supra, defining "Agency with jurisdiction" to mean
"the agency that releases, upon lawful order or authority, a person serving a sentence in the custody of the Department of Corrections, a person adjudicated delinquent and committed to the custody of the Department of Juvenile Justice, or a person who was involuntarily committed to the custody of the Department of Children and Family Services upon an adjudication of not guilty by reason of insanity."
[2] See, s. 916.32(9), Fla. Stat. (1998 Supp.), as created by s. 4, Ch. 98-64, supra, defining "Sexually violent predator" as a person who:
"(a) Has been convicted of a sexually violent offense; and
(b) Suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment."
[3] Section 916.33(3), Fla. Stat. (1998 Supp.), as created by s. 5, Ch. 98-64, supra.
[4] Section 916.34, Fla. Stat. (1998 Supp.), as created by s. 6, Ch. 98-64, supra.
[5] Section 916.35, Fla. Stat. (1998 Supp.), as created by s. 7, Ch. 98-64, supra. The statute provides for an ex parte proceeding on probable cause as well as an adversarial hearing on probable cause.
[6] See, s. 916.36, Fla. Stat. (1998 Supp.), as created by s. 8, Ch. 98-64, supra.
[7] Section 916.33(1), Fla. Stat. (1998 Supp.). And see, s. 916.33(2), Fla. Stat. (1998 Supp.), requiring such notice to include the offender's name, identifying characteristics, anticipated future residence, the type of community supervision, and the person's offense history in addition to documentation of institutional adjustment and treatment.
[8] See, e.g., Fixel v. Clevenger, 285 So.2d 687 (Fla. 3d DCA 1973) (Word "may" when given its ordinary meaning denotes permissive term rather than mandatory connotation of word "shall").