342 So.2d 1045 (1977)
In re GUARDIANSHIP OF Terry P. BENTLEY, an Infant.
No. 76-2472.
District Court of Appeal of Florida, Fourth District.
February 18, 1977.
*1046 James W. Nowlin, Jr., Nowlin, Adams, Nowlin & Sumrall, Delray Beach, for appellant-Marion Bentley Wall, as Guardian of the person and property of Terry P. Bentley.
No appearance for appellees.
DOWNEY, Judge.
Marion Bentley Wall is the grandmother of six year old Terry P. Bentley. On February 25, 1974, the Circuit Court of the Fifteenth Judicial Circuit appointed Marion as the guardian of Terry's person and property (Terry's mother had died and his father's whereabouts were unknown).
A petition was filed in the Circuit Court of the Fifteenth Judicial Circuit, Juvenile and Family Division, by Ronald Rankin and Julia Rankin, his wife, (one of whom is Terry's cousin) for custody of Terry looking toward his eventual adoption. The question then arose whether the Rankin custody petition should be heard in the Probate Division in conjunction with the guardianship proceeding or in the Juvenile and Family Division. Pursuant to a motion for a determination of jurisdiction the Judge of the Probate Division entered an order that the Probate Division had no jurisdiction and the issue involved should be determined by the "Civil Division" (meaning the Juvenile and Family Division). That order is the subject of this appeal.
We express some surprise that a matter of this magnitude could not have been resolved without resort to appellate procedures. The question involved is not one of jurisdiction. The Circuit Court has jurisdiction as prescribed by the Constitution and general law. See Article V, Section 5, Florida Constitution, and Section 26.012, Florida Statutes (1975). All of the judges of the Circuit Court are authorized to exercise that Court's jurisdiction. However, for efficiency in administration, the *1047 Circuit Court is frequently divided into divisions, with each division handling certain types of cases. Judges and cases can both be transferred from one division to another by the Chief Judge of the Circuit. Fla.R. Civ.P. 1.020.
The appellant guardian contends on appeal that a decision of the Juvenile and Family Division that custody of Terry should be awarded to the Rankins would conflict with the order of the Probate Division appointing appellant as guardian of Terry's person. Of course, such a situation is easily obviated by a consolidation of both cases for the purpose of trying the custody issue. Then, if the court determines Terry's best interest would be served by granting custody to the Rankins, the court can simultaneously discharge Marion as guardian of Terry's person.
Accordingly, we reverse the order appealed from to the extent that it holds the Probate Division has no jurisdiction to entertain the issue of custody. We remand the cause with directions to have the two pending cases consolidated for trial of the issue of custody and, if necessary, the Chief Judge of the Circuit can designate which division of the court shall try the issue.
REVERSED AND REMANDED with directions.
CROSS and DAUKSCH, JJ., concur.