# IN RE: ESTATE OF HAAG

## Case No. 88-2331 CP

Fifteenth Judicial Circuit, Palm Beach County

May 3, 1990

### APPEARANCES OF COUNSEL

**Abraham Mora, Esquire,** for petitioners.
**Gregory Scott, Esquire,** for respondent.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### ORDER DENYING MOTION FOR JURY TRIAL

On the motion of Barbara J. Smith, requesting a jury trial on the estate's petition for delivery of estate property dated October 28, 1988, the court having heard argument of counsel and otherwise being fully advised in the premises, finds as follows:

1. on October 28, 1988 the personal representatives of the Estate of William F. Haag, filed a petition for delivery of estate property, hereinafter referred to as PETITION, alleging that Barbara J. Smith,

hereinafter referred to as SMITH, had possession of certain bearer bonds which were property of the decedent, and requesting SMITH return the bearer bonds to the personal representatives;

2. on November 21, 1988 SMITH filed an answer to the PETITION denying the allegations of the PETITION; SMITH did not request a jury trial. SMITH is now alleging that the inter vivos gift of the bearer bonds was made to her by the decedent;

3. on March 17, 1989 SMITH filed a complaint against the personal representatives in the civil division alleging under various theories she is entitled to certain real property and personal property owned by the decedent at the time of his death; she did not seek trial by jury. The complaint did not specifically request the bearer bonds;

4. on May 30, 1989 in the civil division, Judge Garrison entered an order consolidating the complaint with the proceedings in the probate division and on June 6, 1989 this court also entered an order consolidating the proceedings in the civil division with the proceedings in the probate division;

5. on August 31, 1989 this court entered an order declaring the petition for delivery of estate property to be an adversary proceeding and to be governed by the Florida Rules of Civil Procedure and on October 30, 1989 SMITH filed a motion for jury trial with regard to that PETITION.

The court finds the petition for delivery of estate property and the complaint, which has been transferred to this court although containing different issues, are properly triable in one proceeding. The PETITION raises the issue of title to certain bearer bonds and is an action in which a jury trial is appropriate if a timely request is made.

Pursuant to Article V of the Constitution of the State of Florida, the circuit court has plenary jurisdiction over matters not vested in the county court and may create divisions within the court to assist in its administrative matters. A party cannot be denied its right to a jury trial by seeking relief in the probate division of the circuit court as opposed to another division of the circuit court (civil) if such right exists and a request is timely made. See, *In Re Guardianship of Terry P. Bentley,* 342 So.2d 1045 (4th DCA 1977).

A conversion is an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein. In essence, conversion is an unauthorized act which deprives another of his property, permanently and for an indefinite time . . . its essential element is a wrongful depervation of the property of the owner. *12 Fla.*

191

*Jur. 2d,* Conversion and Replevin, Section 1 at page 62. See also, *Star Fruit Company v Eagle Lake Growers,* 33 So.2d 858 (Fla. 1948). (Other citations omitted).

A document is a chattel and as such may be the subject of a conversion and an action may be maintained for the conversion of securities of any kind including bonds. *12 Fla. Jur. 2d,* Conversion and Replevin, Section 4. Where the state of the evidence at the close of the trial permits no reasonable inference other than that the defendant was liable in conversion as charged, it is proper for the court to direct a verdict against the defendant on the issue of liability and submit the question of damages to the jury. *Midstate Investment Corporation v O'Steen,* 133 So.2d 455 (1st DCA 1961).

FRCP 1.430 provides that a party may demand a jury trial not later than ten days after service of the last pleading directed to such issue. If a request is not timely made, the right is waived. SMITH did not make a request for a jury trial at the time of filing her answer or within ten days after the proceeding was declared adversary. A waiver of the right to a jury trial has occurred, and this court has the discretion to deny a request for a jury trial. Accordingly, it is

ADJUDGED the motion for jury trial is denied based upon a waiver by SMITH.

ORDERED at West Palm Beach, Palm Beach County, Florida on May 3, 1990.