MAY, J.
A family dispute over distribution of the decedent’s estate comes to us for resolution. A claimant, one of the decedent’s sons, appeals an order that denied his request to transfer his claim to, or allow him an extension of time in which to file his claim in, the civil division of the court. We agree that the trial court erred in not transferring the case to the civil division and reverse.
The decedent had two sons, one of whom was the personal representative of the estate. After satisfying all claims against the estate, the personal representative filed two claims of his own for money advanced during the decedent’s lifetime; one for $11,892.11 and another for $53,415.11.[1] The other son objected to the claims.
To resolve the dispute, the personal representative filed a Petition to Enforce a Claim in the probate division. The other son moved to dismiss or strike the petition, arguing that an adversary action in the probate division did not constitute an “independent action” as required by section 783.705, Florida Statutes (2011). He maintained that the personal representative should have filed an independent action in the civil division.
The personal representative argued that the adversary proceeding qualified as an independent action because it afforded the other son the chance to object. Alternatively, if he filed the action in the wrong division, the proper remedy was for the court to transfer the claim to the civil division. The other son maintained that the action could not be transferred because it would disregard the requirements of section 733.705(5), and because the personal representative had not paid a filing fee.[2]
The trial court dismissed the claims. The court then denied the personal representative’s motion to: grant rehearing, clarify the order, or grant an extension of time to file an independent action in the civil division. The trial court agreed, however, to enter a final appealable order. From this order, the personal representative now appeals.
We review dismissal orders de novo. Simpson v. State, 33 So.3d 776, 778 (Fla. 4th DCA 2010).
The single question we answer is whether the trial court should have transferred the case to the civil division. The answer is yes.
In 2008, the chief judge of the Fifteenth Circuit signed Administrative Order 6.102-9/08, which declared that “independent actions” be filed in the civil division. The personal representative filed the claims in the wrong division, and he could not re-file his petition in the civil division because the statutory thirty-day period expired. See § 733.705(5), Fla. Stat. (2011). His only viable options were to have his claim transferred or to obtain an extension of time. The trial court denied him both.
We have previously acknowledged that, in a situation where a complaint should have been filed in the probate division, the court should not dismiss the case solely because it was filed in the wrong division. Grossman v. Selewacz, 417 So.2d *439 728, 730 (Fla. 4th DCA 1982) (citing In re Guardianship of Bentley, 342 So.2d 1045 (Fla. 4th DCA 1977)). “[W]hile the circuit court is divided into divisions for efficiency in administration, all judges of the circuit court exercise the court’s jurisdiction, and cases filed in the wrong division should be transferred to the proper division.” Id.
While the personal representative did not file a motion to transfer, he did argue that transfer was the correct remedy.
As the Third District explained:
In the instant case the [trial] court did not consider the question of transfer, and there is nothing in the record to show that it was requested to do so. Nevertheless, we feel that in construing the rule to produce a just result (as we conceive it our duty to do) it is necessary for us to hold that the court should transfer rather than dismiss the cause.
Gross v. Franklin, 387 So.2d 1046, 1048 (Fla. 3d DCA 1980) (emphasis added).
The trial court erred in not transferring the personal representative’s petition to the civil division.

Reversed and remanded for transfer of the petition to the civil division.

CIKLIN, J., and SCHIFF, LOUIS, Associate Judge, concur.

. The personal representative no longer seeks payment of the $11,892.11 claim.

. The personal representative's failure to pay the filing fee did not affect the court’s ability to transfer the case to the civil division. See Payette v. Clark, 559 So.2d 630, 633 (Fla. 2d DCA 1990).