DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDWARD I. GOLDEN**, as Curator of the Estate of Katherine Jones,
Appellant,

v.

**CAROL ANN JONES**, as Successor Trustee of the H. Bruce Jones, M.D.,
P.A. Money Purchase Plan and the H. Bruce Jones, M.D., P.A. Pension
and Profit Sharing Plan,
Appellees.

No. 4D14-3063

[June 22, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Laura M. Watson, Judge; L.T. Case No. FMCE 99-
013968 (42).

William H. Glasko of Golden Glasko & Associates, P.A., Miami, for
appellant.

Robin F. Hazel of Hazel Law, P.A., Pembroke Pines, for appellees.

CONNER, J.

Appellant, Edward Golden ("the Curator"), as curator for the Estate of
Katherine Jones ("the Wife"), appeals the trial court's order dismissing his
complaint, with prejudice, filed against Appellee, Carol Jones ("the
Trustee"), as the successor trustee for certain retirement plans for H.
Bruce Jones ("the Husband"). We reverse the trial court after determining
the trial court erred in dismissing the initial complaint with prejudice
without giving at least one opportunity to amend, and in not transferring
the complaint to another division of the court, if the complaint should have
been filed as an independent action.

*Factual Background and Trial Court Proceedings*

In 2003, after the Wife and the Husband entered into a marital
settlement agreement ("MSA"), the marriage between them was dissolved
by a final judgment entered in the family division of the trial court below.
The final judgment stated, as agreed by the parties, that the "[MSA] shall

not be merged in the Final Judgment but shall survive same." Additionally, the final judgment retained jurisdiction to enter further orders to enforce the MSA and to enter appropriate qualified domestic relations orders ("QDRO").

The MSA included provisions regarding two retirement plans that were listed as the H. Bruce Jones M.D., P.A. Money Purchase Pension Plan and the H. Bruce Jones M.D., P.A. Profit Sharing Plan. It also stated that the Husband agreed to be the trustee of both plans.

In 2005, the trial court entered QDROs regarding both retirement plans. Both QDROs stated that the benefits that had accrued under the plan from the date of the marriage to the date of the dissolution of marriage were marital property, and therefore assigned to the Wife "50% of the [Husband]'s account balance determined as of August 31, 2003; and any gains/losses, earnings and interest from August 31, 2003 through the date of distribution or segregation of the [Wife]'s share." The QDROs also stated that "[t]he [Husband] shall take no action which will in any way impact upon the [Wife]'s rights to receive benefits pursuant to this Order."

In 2007, the Husband died. A probate proceeding for his estate was filed in Broward County. After the Husband's death, the Trustee became the personal representative of his estate and the trustee for both retirement plans. In 2010, the Wife died. A probate proceeding for her estate was filed in Dade County. The Curator was appointed in that proceeding.

In 2012, the Curator, on behalf of the Wife's Estate, filed a third-party complaint to enforce judgments ("the Complaint") against the Trustee regarding both retirement plans. The Complaint alleged that the Husband had diverted portions of the retirement plans to which the Wife was entitled under the MSA and "the Judgments," and that, as of the date of filing, those assets had not been distributed to the Wife or her estate. The Complaint sought to enforce both QDROs. Although not alleged in the Complaint, the Curator had previously sought enforcement of the Wife's claims related to the retirement plans by filing a claim in the Husband's probate proceeding. The Curator's claim in the Husband's probate proceeding was stricken.

The Trustee moved to dismiss the Complaint, alleging that the Curator had previously filed a claim in the Husband's probate proceeding, which was stricken, seeking the same relief sought in the Complaint. For that reason, the Trustee alleged that the Complaint was barred by res judicata and collateral estoppel. Additionally, the Trustee alleged the Complaint

2

was barred by the statute of limitations and lack of standing (since neither the Curator, nor the Trustee, were parties to the dissolution action).

At the hearing on the motion to dismiss, the Trustee argued that "[t]here is [sic] a lot of jurisdictional problems here," since (1) enforcement of a trust has to be filed in probate court, (2) no party had been substituted for the Wife, and (3) the Curator brought the same action in the other probate case. The Curator argued that there were two different types of assets in play: (1) assets that the Husband owned in his name at the time of his death, and (2) assets in the trust at the time of the Husband's death, and that the Complaint sought enforcement as to assets of the retirement plans held in trust, not assets subject to control by the probate court. Thus, he argued that the Wife, through him as curator, had brought suit against the Trustee to enforce the QDROs, which was proper for the family division to handle, just as if a bank, as the trustee of a retirement plan, was not complying with a QDRO. The Curator also argued that, if the case should be in the probate division because it involves litigation regarding assets in a trust, then the trial court should transfer the case, not outright dismiss the case.

The trial court ruled orally at the hearing:

> I'm dismissing the third-party complaint. Irrespective of whether you're discussing estate assets or trust assets, it has no business being brought in this court, and I have no jurisdiction over a matter like this.

Upon the Curator's request that the court dismiss without prejudice so that he could bring the action in another court, the trial court stated:

> I'm dismissing the case, with prejudice, as to this family law case 99-13968. How that washes about bringing another claim, I don't know.

Subsequently, the trial court entered a written order granting the motion to dismiss and denying the Curator's motion for rehearing. The Curator gave notice of appeal.

*Appellate Analysis*

"We review dismissal orders de novo." *West v. West*, 126 So. 3d 437, 438 (Fla. 4th DCA 2013) (citing *Simpson v. State*, 33 So. 3d 776, 778 (Fla. 4th DCA 2010)).

3

The Complaint facially alleges a cause of action against a trustee based on a prior judgment. More specifically, the Complaint alleges that assets the Wife was to receive from a retirement plan as equitable distribution under a final judgment of dissolution of marriage were wrongfully diverted into a trust. The Complaint, in a somewhat contradictory manner, states in an introductory paragraph that it is "an action for damages in excess of $15,000," yet the subsequent paragraphs indicate the Complaint seeks something other than a judgment for damages. In summarizing the relief sought, the Complaint "requests that this Honorable Court enter judgment against the Trustee enforcing and compelling compliance with the August 2, 2005 Qualified Domestic Relations Orders (the Judgments), determining the current value of the Disputed Assets[,] . . . awarding prejudgment interest, . . . and, if the Trustee is found in civil contempt, order compensatory and/or coercive fines, and granting any additional relief which this Court deems appropriate."

We agree that the Complaint was subject to dismissal because it is unclear what relief is sought (damages, coercive orders, or both) and what legal theory and ultimate facts support a further decision or judgment by the trial court. The Trustee argued multiple bases for dismissal. The trial court appears to have concluded the Complaint was not properly filed in the family division of the court. It is unclear from the record if the trial court's decision was based on one or more of the grounds for dismissal argued by the Trustee, or some other unarticulated ground.

As we explained in *DeSantis v. DeSantis*, 714 So. 2d 637, 638 (Fla. 4th DCA 1998),

> Once the final judgment [of dissolution of marriage] awarded each party the interest in his or her own pension plan, those assets were no longer marital property but the sole property of the individual spouse. . . . Once the final judgment is entered, there are no longer marital property rights, only individual property rights. The remedies available for enforcement of those provisions of the final judgment with regard to the equitable distribution of assets are those of creditor against debtor.

(citation omitted). Since it appears that the Curator is not seeking relief from judgment in the context that the final judgment of dissolution of marriage or the QDROs were entered in error, the trial court may have correctly determined the Complaint was not properly filed in the family division of the trial court.

4

However, the trial court erred in two regards. First, a dismissal with prejudice was improper. *Kairalla v. John D. and Catherine T. MacArthur Found.*, 534 So. 2d 774, 775 (Fla. 4th DCA 1988) ("This court has held on numerous occasions that a dismissal with prejudice should not be ordered without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action."). Second, a complaint filed in the wrong division of the court should be transferred to the proper division, rather than dismissed with prejudice. As we said in *West*,

> We have previously acknowledged that, in a situation where a complaint should have been filed in the probate division, the court should not dismiss the case solely because it was filed in the wrong division. *Grossman v. Selewacz*, 417 So. 2d 728, 730 (Fla. 4th DCA 1982) (citing *In re Guardianship of Bentley*, 342 So. 2d 1045 (Fla. 4th DCA 1977)). "[W]hile the circuit court is divided into divisions for efficiency in administration, all judges of the circuit court exercise the court's jurisdiction, and cases filed in the wrong division should be transferred to the proper division." *Id.*

*West*, 126 So. 3d at 438-39 (alteration in original).

It appears the Curator is attempting to enforce prior judgments. Since both the Husband and the Wife are now deceased, the Complaint does not appear to state grounds for enforcing the judgments in the same action within the family division of the court from which the judgments issued. The trial court may have properly concluded the Complaint should be filed as an independent action. Either way, the Complaint should not have been dismissed with prejudice, and the Curator should have had an opportunity to amend the pleading. To the extent the Complaint may be seeking a remedy available to a creditor against a debtor as an independent action, the Complaint should have been transferred to the appropriate division of the trial court.

*Reversed and remanded.*

GROSS and LEVINE, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

5