DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK J. CHICKERING,**
Appellant,

v.

**KANWAL BAWA,**
Appellee.

No. 4D22-2180

[May 3, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Bradley G. Harper, Judge; L.T. Case No. 50-2020-CA007916-XXXX-MB.

Jonathan Mann and Robin Bresky of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellant.

Scott J. Edwards of Scott J. Edwards, P.A., Boca Raton, for appellee.

LEVINE, J.

Mark Chickering, former husband, appeals a trial court order dismissing his complaint against Kanwal Bawa, former wife, and finding that the family court had reserved jurisdiction over the matter in the parties' marital settlement agreement. Former husband argues that the trial court erred by dismissing the action instead of just transferring it to the family court. We agree, and as such, we reverse.[1]

The parties' dissolution of marriage incorporated a marital settlement agreement entered in August of 2017. The agreement outlined distribution of the parties' real property, including the subject property, the Equus property. According to the agreement, former wife was to retain exclusive use and possession of the Equus property and maintain the Equus property in good condition. The agreement also directed the parties to conduct an appraisal of the Equus property in January of 2019, or sooner by agreement. Following appraisal, former wife would have ninety days to refinance the Equus property or list it for sale. If former wife failed to

---

[1] Since we reverse, we need not reach former husband's other issue.

comply with the terms in the agreement regarding the Equus property, the agreement entitled former husband to "both legal and equitable relief . . . including, but not limited to, the right to foreclose on the property."

The agreement also reserved jurisdiction to the family court for all future dissolution related matters:

> The Final Judgment of Dissolution of Marriage will provide that the Court shall specifically reserve jurisdiction with regard to the Parties hereto and this Marital Settlement Agreement and enforcement thereof.

In July 2020, former husband filed a complaint against former wife in the civil division for partition and foreclosure of the Equus property. Former husband alleged that former wife had not complied with the conditions in the agreement regarding the Equus property, including refinancing, listing for sale, or maintaining the property in good condition. Former wife moved to dismiss former husband's complaint, arguing in part that the complaint should be dismissed because the family court had jurisdiction over the matter pursuant to the agreement. The trial court, in the civil division, dismissed the case without prejudice and gave former husband twenty days to amend his complaint.

Former husband refiled his complaint, specifying that the civil division had jurisdiction because the family law rules of procedure do not place subject matter jurisdiction exclusively with judges serving in the family division. Former wife once again moved to dismiss former husband's complaint, arguing again that the family court had jurisdiction pursuant to the agreement. Former husband responded to former wife's motion to dismiss, maintaining that the civil division could hear the action, but argued that, if it could not, caselaw required that the action be transferred to the family court instead of dismissed. Ultimately, the trial court granted former wife's motion to dismiss, finding that "the Family Court reserved and has jurisdiction over the matter per the Marital Settlement Agreement . . . ." Former husband moved for rehearing and asked the trial court to merely transfer the action to the family court instead of dismissing it. The trial court denied former husband's motion for rehearing. This appeal follows.

We review a trial court's ruling on a motion to dismiss de novo. *West v. West*, 126 So. 3d 437, 438 (Fla. 4th DCA 2013).

Former husband argues that, assuming the action was filed in the wrong division, the trial court erred by failing to transfer his case to the

family court instead of dismissing it.[2]  "All circuit court judges have the same jurisdiction within their respective circuits." *Malave v. Malave*, 178 So. 3d 51, 54 (Fla. 5th DCA 2015) (quoting *In Interest of Peterson*, 364 So. 2d 98, 99 (Fla. 4th DCA 1978)).  "A circuit court . . . does not lack jurisdiction simply because a case is filed or assigned to the wrong division within the circuit court."  *Id.*  A trial court "should not dismiss the case solely because it was filed in the wrong division." *West*, 126 So. 3d at 438. When a case is filed in the wrong division, the proper remedy is to transfer the case to the appropriate division.  *Golden v. Jones*, 194 So. 3d 1060, 1063 (Fla. 4th DCA 2016) ("[T]he Complaint should have been transferred to the appropriate division of the trial court.").

Former wife argues that this line of case law is inapplicable to the instant case because former husband's complaint was not dismissed with prejudice and because issues related to the Equus property were already being litigated in the family court.  However, former wife disregards that there can be collateral consequences of dismissal of this case.  For example, in *West*, where the dismissal was also without prejudice, the claimant could not refile because the statutory thirty-day period for filing a petition to enforce a probate claim had expired.  126 So. 3d at 438-39. Further, a party whose claim is dismissed instead of transferred would be required to pay a second filing fee and could potentially be responsible for the prevailing party's attorney's fees.  Thus, dismissal is not bereft of consequences.

In sum, we agree with former husband that the trial court erred in dismissing his complaint instead of transferring it to the family court, and as such, we reverse and remand for the trial court to transfer former husband's complaint to the family court.

*Reversed and remanded with instructions.*

KLINGENSMITH, C.J., and DAMOORGIAN, J., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Former husband does not argue on appeal that the civil division was the proper division to hear the action.  As such, this argument has been waived.  *Rosier v. State*, 276 So. 3d 403, 406 (Fla. 1st DCA 2019) ("For an appellant to raise an issue properly on appeal, he must raise it in the initial brief.  Otherwise, issues not raised in the initial brief are considered waived or abandoned.").