DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JENNIFER GRANT and GEOFFREY GRANT,

Appellants,

v.

EARL KUNKE, as personal representative of the Estate of
Elizabeth Rose Kunke,

Appellee.

No. 2D2023-1978

_____

November 13, 2024

Appeal from the Circuit Court for Pinellas County; Pamela A. M. Campbell, Judge.

Jennifer Grant and Geoffrey Grant, pro se.

Russell R. Winer, St. Petersburg, for Appellee.

KELLY, Judge.

In this probate action, Jennifer and Geoffrey Grant appeal from the order finding that Geoffrey was not a reasonably ascertainable creditor of the estate of Elizabeth Kunke under section 733.2121(3)(a), Florida Statutes (2020), and requiring Jennifer to amend her claim for caretaking services or to file an independent civil action to defend her

claim. We affirm the trial court's rulings as to Jennifer's claim but reverse the ruling on Geoffrey's claim.

Elizabeth Kunke lived in a condominium in Pinellas County until her health started to fail. When she could no longer care for herself, she made it clear to her children, Earl Kunke, Mark Kunke, Jennifer Grant, and Joanne Lauer, that she did not want to spend the final days of her life in a nursing home. She expressed her desire to live with Jennifer and Geoffrey, to have Jennifer serve as her caretaker, and to compensate Jennifer with funds from her estate. Attorney Rachel Wagoner prepared "a lifetime contract for personal services" for Elizabeth with Jennifer as the provider. However, for reasons that are unclear from the record, Elizabeth and Jennifer never executed the contract.[1] Nonetheless, Jennifer and Geoffrey took Elizabeth to their home in Wisconsin, which they adapted to her needs, and cared for her until she died on August 25, 2020. Thereafter, Jennifer requested $22,000 from the estate for her caretaking services based on her mother's verbal offer to pay her $2,000 per month. Her brothers agreed to the payment; however, her sister did not.

Attorney Wagoner drew up a "Beneficiary Agreement" for the siblings to approve the $22,000 payment from the estate to Jennifer. Joanne would not ratify the Beneficiary Agreement on the basis that the agreement between Elizabeth and Jennifer was not reduced to writing. Thereafter, Earl encouraged Jennifer and Geoffrey to document their hours of caregiving services and their expenses and to file a claim against the estate.

---

[1] We can infer from Jennifer's filings that she felt that because Elizabeth had appointed her as Agent in a Durable Power of Attorney, she did not also need a personal services contract.

2

Earl was appointed personal representative of Elizabeth's estate. The first publication of the administration of the estate appeared on December 11, 2021. Earl sent notices of administration to Elizabeth's creditors—except to the Grants because he did not consider them to be actual "creditors." Jennifer filed her claim on June 4, 2021, for $129,000, which included around-the-clock care at $20 per hour, Elizabeth's room and board, and other miscellaneous expenses.

On January 4, 2022, Earl filed a Petition for Discharge, Plan of Distribution, and Final Accounting that allotted the entire residue of the estate to partially satisfy Jennifer's $129,000 claim, which left nothing to the other siblings. Shortly thereafter, Joanne objected to the Petition for Discharge, Plan of Distribution, and Final Accounting and to Jennifer's claim. On May 10, 2022, Geoffrey filed his claim against the estate for expenses totaling $27,639.80 for time lost from work while helping to care for Elizabeth, the cost of remodeling to make the home handicap accessible, and funeral expenses. Four months later, Joanne objected to Geoffrey's claim because it was not filed within ninety days of the notice of administration. Over a year after filing the Petition for Discharge, on April 18, 2023, Earl withdrew the petition.

Thereafter, on July 18, 2023, a hearing was held on the parties' numerous motions and pleadings.[2] The central issue was whether Jennifer and Geoffrey were "reasonably ascertainable creditors" entitled to notice of the administration of the estate under section 733.2121(3)(a). Section 733.2121(3)(a) requires the personal representative to "promptly make a diligent search to determine the names and addresses of creditors of the decedent who are *reasonably ascertainable"* and to serve

_____

[2] Most of the motions were objections to each other's filings and challenges on the basis of untimeliness.

a copy of the notice of administration on them. (Emphasis added.) The notice of the administration of the estate is to inform creditors that they must file claims against the estate during the time periods set forth in section 733.702 or their claims will be barred unless the court grants an extension of time. *See* §§ 733.2121(3)(a), .702(3). If reasonably ascertainable creditors are not served with notice of the administration of the estate, they must be given an extension of time to file their claims up to the two-year statute of limitations in section 733.710. *Golden v. Jones*, 126 So. 3d 390, 391-92 (Fla. 4th DCA 2013).

The first publication of the administration of Elizabeth's estate appeared on December 11, 2020; therefore, creditors had to file their claims by March 11, 2021. *See* § 733.702(1) (providing that a creditor has three months after first publication of the opening of the estate to file a claim or, if the creditor is entitled to notice of administration, thirty days after service of the notice on them). Jennifer and Geoffrey did not file their claims within that ninety-day period. However, they sought extensions of time from the court because of the lack of notice. *See* § 733.702(3) ("An extension may be granted only upon grounds of fraud, estoppel, *or insufficient notice of the claims period*." (emphasis added)).

Regarding whether Geoffrey was a reasonably ascertainable creditor entitled to notice, the estate's attorney, Wagoner, testified at the hearing that "she did not recall whether [Elizabeth] said that Geoffrey Grant should be paid." However, she did not consider Geoffrey to be an ascertainable creditor. Earl testified that he relied on Wagoner to determine which creditors were entitled to notice. Earl admitted that he did not serve notice on the Grants because he did not think they were creditors—like those seeking payment for "normal things" such as "credit cards or condo association dues." He acknowledged that Elizabeth had

4

verbally agreed to compensate Jennifer for caretaking services but contended that Elizabeth never mentioned to him that Geoffrey should also be paid, nor did Jennifer's siblings agree to compensate Geoffrey for caretaking services.

The court determined that Jennifer was a reasonably ascertainable creditor and that she was entitled to an extension of time to file her claim because she had not received timely notice of the administration of the estate. The court allowed Jennifer forty-five days to amend her claim to $22,000 (if the beneficiaries agreed to the amendment) or to file a separate civil suit to pursue her $129,000 claim. However, based on the testimony at the hearing, the trial court determined that Geoffrey was not a reasonably ascertainable creditor and struck his claim as untimely. The Grants appeal from this order.

The Grants argue that the trial court abused its discretion in determining that Geoffrey was not a reasonably ascertainable creditor.[3] We agree. No one disputed that the Grants honored Elizabeth's wish to live in their home and to be provided care for the last months of her life or that Elizabeth offered to pay for her care. Earl, as the personal representative, acknowledged this arrangement and encouraged the Grants to document their expenses and the amount of time they spent caring for Elizabeth. *See Simpson v. Est. of Simpson*, 922 So. 2d 1027,

---

[3] The Grants further argue that the trial court failed to find that they were in the class of creditors who statutorily received priority status for payment. *See* § 733.707. Specifically, they argue that they were "Class 4 Last Care Givers" under subsection 733.707(1)(d), which provides for the payment of "[r]easonable and necessary medical and hospital expenses of the last 60 days of the last illness of the decedent, *including compensation of persons attending the decedent.*" (Emphasis added.) They also argue that any amount of their claims that exceeded the limit of a Class 4 claim should be paid as a "Class 8" claim under subsection 733.707(1)(h).

1029 (Fla. 5th DCA 2006) (holding that the decedent's nephew was an ascertainable claimant where the evidence established that the personal representative of the decedent's estate had actual knowledge of the nephew's claim).

The Grants also argue that the trial court unfairly shifted the burden of defending the claim to Jennifer in an independent action. This argument has no merit. The trial court, after determining that Jennifer was a reasonably ascertainable creditor and that an objection to her claim had been filed, properly found that she was required to defend her claim in a separate civil action. *See id.* (noting that the probate court should have ended its inquiry after determining whether the claimant was a reasonably ascertainable creditor and erred in proceeding to determine the validity of the claim because "the merits of [the] claim should have been determined in an independent action"). "This requirement allows pleadings and responses sufficient to set the issues before the court prior to hearing." *Id.* at 1030 (citing *In re Fornash's Est.*, 372 So. 2d 128, 129 (Fla. 2d DCA 1979)). Although the trial court gave Jennifer the opportunity to amend or file her claim within forty-five days, she failed to do so. Thus, her claim is barred.

Even so, we hold that the trial court abused its discretion in determining that Geoffrey was not a reasonably ascertainable creditor. *See id.* at 1029 ("A probate court's determination of whether someone is a reasonably ascertainable claimant is subject to an abuse of discretion standard of review."). Whether the siblings agreed to pay Geoffrey for his caretaking services and expenses was irrelevant to the issue of whether he was a creditor of the estate entitled to notice and an extension of time to file his claim.

Accordingly, we reverse and remand for the probate court to reinstate Geoffrey's claim. However, because the two-year statute of limitations[4] has expired—barring the filing of a new action, the trial court shall transfer the case to the civil division if the court determines that Geoffrey must defend his claim in an independent civil action. *See West v. West,* 126 So. 3d 437, 438-39 (Fla. 4th DCA 2013) (holding that the personal representative could not refile his civil claims against the estate in the civil division since the statutory period had expired and that the only option was to have the claims transferred); *see also Payette v. Clark,* 559 So. 2d 630, 632-33 (Fla. 2d DCA 1990) (holding that where the probate petition alleged four counts under the Probate Code and two counts seeking money damages in a civil action, the proper disposition was to sever the civil counts and transfer them to the proper division); *In re Guardianship of Bentley,* 342 So. 2d 1045, 1046-47 (Fla. 4th DCA 1977) ("For efficiency in administration, the Circuit Court is frequently divided into divisions, with each division handling certain types of cases. Judges and cases can both be transferred from one division to another . . . .").

---

[4] Section 733.710 states in relevant part:

(1)    Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent . . . except as provided in this section.
(2)    This section shall not apply to a creditor who has filed a claim pursuant to s. 733.702 within 2 years after the person's death, and whose claim has not been paid or otherwise disposed of pursuant to s. 733.705.
The statute of limitations in this case expired on August 25, 2022, two years after Elizabeth's death. Geoffrey's claim was filed within those two years on May 10, 2022.

Affirmed in part, reversed in part, and remanded and for further proceedings consistent with this opinion.

LaROSE and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.