DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALI KAAN AYDULUN** and **ERLINDA TJHAI-AYDULUN,**
as Co-Trustees of Tjhai-Aydulun Living Trust,
Appellants,

v.

**ALBERTO CARDONA,**
Appellee.

No. 4D2024-2637

[August 6, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Shari Africk-Olefson, Judge; L.T. Case No. CACE24-004900.

E. Scott Golden and Brandon D. Cole of Golden Law, Fort Lauderdale, appellants.

Giselle Coalla, Anthony E. Torrente, and Daniela Perez of Hinshaw & Culbertson, LLP, Coral Gables, for appellee.

CONNER, J.

The appellants ("the Trustees") appeal the dismissal with prejudice of their counterclaim against the appellee ("Cardona"), for fraudulent notarizations by a notary public. The Trustees seek reversal on three grounds. We affirm as to two grounds without discussion. As to the third ground, we determine the trial court erred by dismissing the complaint with prejudice without any opportunity to amend the counterclaim. We reverse and remand for further proceedings.

*Background*

A construction company ("ACS"), a nonparty to this appeal, was qualified to offer construction services under the general contractor license issued to a principal of the company ("the Father"). The Father's son ("the Son") was also a principal. The Father and Son had the same name. They were differentiated by using "Sr." and "Jr." suffixes. The Father died and

some time passed before ACS changed its qualifying general contractor's license from the Father to the Son.

The Trustees hired ACS to replace the roof on the Trustees' home. Eventually, ACS sued the Trustees for breach of contract and unjust enrichment. The Trustees counterclaimed against ACS, adding a count against the Son and a separate count solely against Cardona. The counts against ACS and the Son claimed the Son was fraudulently using his father's name and general contractor license in operating ACS. The count against Cardona alleged Cardona had fraudulently notarized pertinent ACS documents without verifying the signatory's identity or falsely affirming the signatory's identity through presentation of identification or his personal knowledge of the signatory, and Cardona knew or should have known the Son was falsely signing documents as if he were the Father.

The counterclaim against Cardona alleged and identified several fraudulently notarized documents, specifically Exhibits C-J attached to the counterclaim. Significantly, Exhibit A attached to the counterclaim clearly identified the Father as ACS's qualifying licensed general contractor.

Cardona moved to dismiss the counterclaim against him, arguing he did not participate in any fraud, but rather had correctly and properly notarized the documents attached to the counterclaim. The motion explained that nowhere on any of the documents' signature blocks was the signatory identified as "Sr." or "Jr." The motion to dismiss further contended the attachments contradicted the fraud allegations, the fraud claim was insufficiently pled, and the Trustees lacked standing to contest the validity of documents which Cardona had notarized.

After hearing the parties' arguments, the trial court dismissed the fraud counterclaim against Cardona with prejudice. The Trustees moved for rehearing, asserting the trial court had erred in dismissing the counterclaim by relying on information outside of the counterclaim's four corners and dismissing without leave to amend. After the trial court denied rehearing, the Trustees gave notice of appeal.

*Appellate Analysis*

The Trustees argue the trial court erred in dismissing their counterclaim against Cardona without granting leave to amend. The Trustees point out that, for decades, we have held that dismissal of a claim with prejudice is not appropriate unless the trial court determines it is apparent the defective pleading cannot be amended to state a cause of

2

action. The Trustees argue the trial court made no such determination. They further argue the trial court's finding the elements of the fraud claim were not alleged "with sufficient specificity" shows the trial court found that a claim would be proper if the Trustees could plead with more specificity or with additional facts. The Trustees also point out at no time did Cardona request dismissal with prejudice or assert a basis for dismissal with prejudice.[1]

Cardona responds that the trial court dismissed the counterclaim for two reasons: (1) the failure to allege fraud "with sufficient specificity," and (2) the fraud claim was directly contradicted by the exhibits attached to the counterclaim. Cardona contends the trial court determined amendment would be futile based on the attachments to the counterclaim.[2] Thus, Cardona argues the trial court properly dismissed the counterclaim with prejudice.

Orders of dismissal are reviewed de novo. *Golden v. Jones*, 194 So. 3d 1060, 1062 (Fla. 4th DCA 2016) ("We review dismissal orders de novo.") (citation omitted). "A trial court's denial of a motion to amend is reviewed for abuse of discretion." *Naso v. Hall*, 338 So. 3d 283, 288 (Fla. 4th DCA 2022) (quoting *Quality Roof Servs., Inc. v. Intervest Nat'l Bank*, 21 So. 3d 883, 885 (Fla. 4th DCA 2009)); *see also Hemingway v. Bresney*, 733 So. 2d 1135, 1136 (Fla. 4th DCA 1999) ("A trial court's decision to permit or refuse amendment to pleadings should not be disturbed on appeal in the absence of an abuse of discretion.").

"[R]efusal to permit an amendment of a pleading is an abuse of discretion unless it is clear that: (1) the amendment would prejudice the opposing party, (2) the privilege to amend has been abused, or (3) the

---

[1] The Trustees' initial brief did not develop an argument that the trial court had granted relief which Cardona had not requested. Additionally, the Trustees did not raise such an argument below. Thus, on appeal we do not address the contention. *See Orton v. State*, 212 So. 3d 377, 380 (Fla. 4th DCA 2017) ("When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy." (quoting *Polyglycoat Corp. v. Hirsch Distribs., Inc.*, 442 So. 2d 958, 960 (Fla. 4th DCA 1983))).

[2] Cardona's answer brief asserts the order under review, after determining the counterclaim had failed to allege with specificity any false statements or misrepresentations, contains the following language: "This is not the sole basis for dismissal, however." That sentence is followed by a discussion of the attachments. However, the quoted language does not clearly signal a determination of futility or another basis for dismissal with prejudice.

amendment would be futile." *Laurencio v. Deutsche Bank Nat'l Tr. Co.*, 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011) (citing *S. Developers & Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp.*, 56 So. 3d 56, 62–63 (Fla. 2d DCA 2011)). The parties do not argue whether granting the Trustees leave to amend would have prejudiced Cardona or would constitute an abuse of the privilege to amend. Instead, the parties disagree on appeal whether leave to amend was futile.

The Trustees correctly argue "[t]his court has held on numerous occasions that a dismissal with prejudice should not be ordered without giving the [pleader] an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action." *Golden*, 194 So. 3d at 1063 (quoting *Kairalla v. John D. & Catherine T. MacArthur Found.*, 534 So. 2d 774, 775 (Fla. 4th DCA 1988)). We also agree with the Second and Fifth Districts that "[w]here a party *may* be able to allege additional facts to support its cause of action . . . dismissal with prejudice is an abuse of discretion." *Dennehy v. Srinagesh*, 345 So. 3d 962, 964 (Fla. 5th DCA 2022) (quoting *Kapley v. Borchers*, 714 So. 2d 1217, 1218 (Fla. 2d DCA 1998)).

In substance, the counterclaim against Cardona alleged: (1) the Father had died on January 26, 2021; (2) the Trustees and ACS entered into the roof replacement contract on June 3, 2022; (3) Cardona notarized the Son's signature on various documents (Exhibits C-J attached to the counterclaim) to aid the Son in impersonating the Father (the licensed contractor) so that building officials would allow the reroofing contract to be completed; (4) Cardona knew or should have known, at the time he had notarized the documents, that the Father was dead and the Son was misleading building officials and the Trustees with the impression the Father was still alive; and (5) Cardona had acted with the intent to misrepresent to the Trustees and building officials that the Father was alive in order to facilitate completion of the reroofing contract.

Exhibit C attached to the counterclaim (the building permit reroofing application listing the Father's contractor license number) was notarized by Cardona on June 3, 2022. Exhibits D-I were several affidavits signed and notarized by Cardona on June 6, 2022, and presented to the building department regarding various aspects of construction. Exhibit J was a four-page composite exhibit purportedly showing ACS's request to the building department to change the licensed contractor supervising the

4

Trustee's reroofing job from the Father to the Son. Exhibit J was submitted to the building department on November 15, 2022.[3]

We note Exhibit C, notarized on June 3, and Exhibits D-I, notarized on June 6, contain notary signature blocks that are filled out in significantly inconsistent ways regarding whether and how the signor's identity was verified. Except for Exhibit F, all the exhibits contain the printed name of the signor showing a first name, middle initial, and last name without any "Sr." or "Jr." suffix. All signatures on Exhibits C-J appear to be by the same signor.

For the following three reasons, we conclude that if the trial court denied the opportunity to amend because amendment would be futile, that determination was error.

First, the Trustees' rehearing motion asserted the notary blocks' failure to include a suffix to the signor's printed name was intentional and designed to create ambiguity for accepting the signor's signature as legitimate. To support that assertion, the rehearing motion stated the Trustees would "develop" the context of "Cardona's longstanding relationship with both [the Father and the Son]."

Second, although Count I of the Trustees' counterclaim alleges a breach of contract claim against ACS, one of the breach allegations is that ACS "fraudulently obtain[ed] the building permit" for the reroofing. Counts II-V allege fraud counts against Cardona, ACS, and two other individuals. Count VI alleges a Florida Deceptive and Unfair Trade Practices claim against ACS for intentional deceptive acts resulting in a defective roof installed with a lack of supervision by a licensed professional contractor. The counterclaim counts suggest the Trustees' goal is to convert facts of a breach of contract into an intentional fraud tort. The Trustee's rehearing motion argues the Trustees should be allowed to allege a conspiracy count against Cardona, presumably to prove fraud causation. Whether the Trustees can sufficiently allege and prove a causal link between Cardona's acts and damages for fraud remains for another day.

Third, and most importantly, we note nothing in the Trustees' counterclaim or the attachments stated a factual basis showing that, at

---

[3] The Trustees argue Exhibit J contains an anomaly suggesting fraud because the document was submitted to the building department on November 15, yet the signature on the document was purportedly notarized on November 16. We take no position whether the anomaly demonstrates fraud or a simple error by the notary.

the time the documents were notarized, Cardona: (1) ever interacted with the Father; (2) knew or should have known the Father was dead; or (3) knew the identity of ACS's qualifying licensed contractor. The counterclaim does not allege that Cardona was an ACS officer, principal, or employee. Nor does the counterclaim allege that Cardona was friends or worked with either the Father or the Son. Instead, the counterclaim conclusorily alleges that Cardona knew or should have known the Father was dead, the Son was deceptively signing documents as the Father, and ACS's qualifying contractor was the Father and not the Son.

For these reasons, the Trustees should be given an opportunity to amend to cure pleading defects.

*Conclusion*

We affirm the trial court without discussion as to two of the grounds for reversal asserted by the Trustees, but we find merit in the Trustees' argument that the trial court erroneously dismissed the counterclaim against Cardona with prejudice. We reverse the dismissal of the counterclaim with prejudice and remand for further proceedings.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

WARNER and GROSS, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

6